JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

BRANDON PAINE

**DEFENDANTS**

IKEAHoldings, US, Inc. d/b/a IKEA; IKEA US Retail, LLC f/k/a IKEA US East, LLC d/b/a IKEA; IKEA North America Services, LLC d/b/a IKEA

**(b)** County of Residence of First Listed Plaintiff   New Haven
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BRIAN C. FARRELL, ESQ.; CONSOLE MATTIACCI LAW
1525 LOCUST ST.,  9TH FL.
PHILADELPHIA, PA 19102, (215) 545-7676

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621, et seq. ("ADEA"); 29 U.S.C. § 626(b); 29 U.S.C. § 216(b)

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $150,000

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*   JUDGE  ANITA BRODY          DOCKET NUMBER  18-0599; 18-3261; 18-3651

DATE
02/21/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Hamden, CT _____

Address of Defendant: _____ 420 Alan Wood Road, Conshohocken, PA 19428 _____

Place of Accident, Incident or Transaction: _____ Conshohocken, PA 19428 _____

---

**RELATED CASE, IF ANY:**

Case Number: 18-0599; 18-3261; 18-3651        Judge: Anita Brody        Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?            Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?            Yes ☐   No ☑

I certify that, to my knowledge, the within case ☑ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/21/2019 _____    _____    319145
                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☑ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Brian C. Farrell, Esq _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒  Relief other than monetary damages is sought.

DATE: 02/21/2019 _____    _____    319145
                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BRANDON PAINE<br>*on behalf of himself individually*<br>*and on behalf of those similarly situated*<br>v.<br>IKEA HOLDINGS US, INC.<br>*d/b/a IKEA, et al.* | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( x )

| | | |
|---|---|---|
| 02/21/2019 | *[signature]* | Plaintiff, Brandon Paine |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2851 | farrell@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON PAINE**      : | |
|   **Hamden, CT 06514**     : | **C.A. No. _____** |
|   *on behalf of himself individually*    : | |
|   *and on behalf of those similarly situated,*   : | |
|      : | |
|     **Plaintiff**      : | |
|      : | **ADEA COLLECTIVE ACTION** |
|      : | |
|     **v.**      : | **JURY TRIAL DEMANDED** |
|      : | |
|      : | |
| **IKEA HOLDING US, INC.**      : | |
|   **d/b/a IKEA**      : | |
|   **420 Alan Wood Road**     : | |
|   **Conshohocken, PA 19428,**    : | |
|      : | |
| **IKEA US RETAIL, LLC**      : | |
|   **f/k/a IKEA US EAST, LLC**    : | |
|   **d/b/a IKEA**      : | |
|   **420 Alan Wood Road**     : | |
|   **Conshohocken, PA 19428,**    : | |
|      : | |
|     **and**      : | |
|      : | |
| **IKEA NORTH AMERICA SERVICES, LLC**   : | |
|   **d/b/a IKEA**      : | |
|   **420 Alan Wood Road**     : | |
|   **Conshohocken, PA 19428 ,**    : | |
|      : | |
|     **Defendants**      : | |
|      : | |

## CIVIL ACTION COMPLAINT

### I.    PRELIMINARY STATEMENT.

IKEA is a multinational company that openly expresses a preference in favor of young

employees as the company's future leaders – including in its operations in the United States.

IKEA US openly and publicly violates US law prohibiting age discrimination, has a corporate

1

culture of age discrimination, and has engaged in a pattern and practice of age discrimination against its older employees, including Plaintiff, Brandon Paine (currently age 48).   Without limitation, IKEA US: has openly expressed age-based personnel goals in favor of young employees; has openly expressed a preference for the advancement of younger individuals as the company's future leaders; has openly directed every store location nationwide to hire younger people into certain positions; flouts US age discrimination law by publishing job ads openly seeking "young talent;" and has a promotion selection process that tracks and considers employee ages.  The company's age bias from the top down infuses and infects every aspect of the employment decision-making process.

Plaintiff, Brandon Paine, has been adversely affected by IKEA's pattern and practice of age discrimination and its policy of favoring young employees for promotion. He is a long term employee of IKEA US who was effectively demoted because of his age in connection with a so-called reorganization, and then repeatedly rejected because of his age for promotion into open and available positions for which he was well qualified and applied.   Plaintiff now brings this action against Defendants for violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), as a collective action pursuant to the ADEA, 29 U.S.C. § 626(b), incorporating section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of himself individually and on behalf of those similarly situated: *i.e.,* all those current and former employees of IKEA in the United States (a/k/a IKEA US) who, since January 24, 2018, were age 40 or over and denied promotion ("Older Workers") (Counts I, II).

Plaintiff seeks an Order providing that Notice of this lawsuit be given to each Older Worker. In addition, Plaintiff seeks injunctive and declaratory relief, damages, including

compensatory and liquidated damages, attorney's fees and costs, and all other relief under the ADEA and any other relief this Court deems appropriate.

## II.     PARTIES.

1.     Plaintiff, Brandon Paine, is an individual and citizen of the state of Connecticut, residing therein in Hamden, Connecticut 06514.

2.     Plaintiff was born in August 1970 and is currently forty-eight (48) years old.

3.     Plaintiff is a current US employee of "IKEA" who works at the IKEA store located in New Haven, Connecticut, and receives his form W-2 from defendant IKEA US Retail, LLC.

4.     "IKEA" is a multinational company that presents and promotes itself publicly as a centrally controlled entity known as the "IKEA Group."

5.     The IKEA Group operates in the United States through various owned and controlled subsidiary entities all of which do business as and present themselves as "IKEA," including, without limitation, defendants IKEA Holding US, Inc., IKEA US Retail, LLC, and IKEA North America Services, LLC.

6.     Defendant IKEA Holding US, Inc. is a Delaware corporation with headquarters and a principal place of business located in Conshohocken, Pennsylvania.

7.     Defendant IKEA Holding US, Inc., through its subsidiary entities, owns defendant IKEA US Retail, LLC, and its subsidiary, IKEA North America Services, LLC.

8.     Defendant IKEA US Retail, LLC is a limited liability company with headquarters and a principal place of business located in Conshohocken, Pennsylvania.

9.     Defendant IKEA North America Services, LLC is a limited liability company with headquarters and a principal place of business located in Conshohocken, Pennsylvania.

3

10.     Defendants share common ownership, management, human resources and employment policies.

11.     The IKEA Group, through its various owned and controlled subsidiary companies, including Defendants, holds itself out to the public and its employees in the United States as one company, referred to hereinafter as "IKEA US" or "Defendants."

12.     The employees of IKEA US, regardless of the payroll company from which their form W-2 is issued, are subject to the same, centrally controlled policies regarding human resources and employment matters.

13.     IKEA US is interconnected such that the entities that comprise it are considered a "single" and/or "integrated" employer, and/or "joint" employer.

14.     Defendants are alter-egos of each other, IKEA US and/or the IKEA Group.

15.     Defendants are interconnected such that each entity, individually or collectively, contributed to, caused and/or is responsible for the age discrimination alleged herein.

16.     IKEA US employs over 15,000 people.

17.     At all times material hereto, Defendants, individually and/or collectively, have been engaged in an industry affecting interstate commerce and have acted as an "employer" within the meaning of the ADEA.

18.     At all times material hereto, Defendants, individually and/or collectively, employed more than twenty (20) people.

19.     At all times material hereto, Defendants, individually and/or collectively, acted by and through their authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendants and in furtherance of the business of Defendants.

20.     At all times material hereto, Plaintiff has been an employee of Defendants, individually and/or collectively, within the meaning of the ADEA.

**III.    JURISDICTION AND VENUE.**

21.     The causes of actions alleged herein arise under the ADEA, as amended, 29 U.S.C. §621, *et seq.*

22.     The District Court has jurisdiction over the ADEA claims (Counts I, II) pursuant to 29 U.S.C. §626(c) and 29 U.S.C. §1331.

23.     The District Court has personal jurisdiction over Defendant IKEA US Retail, LLC because, *inter alia,* defendant maintains its headquarters and/or a principal place of business in Pennsylvania, maintains systematic and continuous activity such that it is at home in Pennsylvania, the actions giving rise and/or related to this suit occurred in Pennsylvania, and/or it has consented to the jurisdiction of this Court through, among other things, its appointment of an authorized agent in Pennsylvania to accept service of process.

24.     The District Court has personal jurisdiction over Defendant IKEA North America Services, LLC because, *inter alia,* defendant maintains its headquarters and/or a principal place of business in Pennsylvania, maintains systematic and continuous activity such that it is at home in Pennsylvania, the actions giving rise and/or related to this suit occurred in Pennsylvania, and/or it has consented to the jurisdiction of this Court through, among other things, its appointment of an authorized agent in Pennsylvania to accept service of process.

25.     The District Court has personal jurisdiction over Defendant IKEA Holding US, Inc. because, *inter alia,* defendant maintains its headquarters and/or a principal place of business in Pennsylvania, maintains systematic and continuous activity such that it is at home in Pennsylvania, the actions giving rise and/or related to this suit occurred in Pennsylvania, and/or

it has consented to the jurisdiction of this Court through, among other things, its appointment of an authorized agent in Pennsylvania to accept service of process.

26.     Venue is proper under 28 U.S.C. § 1391(b) because, without limitation, Defendants are residents in this judicial district and/or a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

27.     On or about November 20, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with Connecticut Commission on Human Rights and Opportunities.

28.     Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of Plaintiff's November 20, 2018 Charge of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

29.     More than 60 days have passed since Plaintiff filed his Charge of Discrimination with the EEOC.

30.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS SUPPORTING CLAIMS.

### *IKEA US's Policy of Favoring Younger Employees and its Pattern and Practice of Age Discrimination*

31.     The IKEA Group is a multinational company that has a corporate culture of age bias.

32.     The IKEA Group openly expresses a preference in favor of young employees as the future leaders of the company.

33.     The IKEA Group has, among other things, directed IKEA US to set age-biased personnel goals for management level employees.

34.     The IKEA Group has, among other things, directed IKEA US to consider age in its employment decisions.

35.     The IKEA Group has, among other things, directed IKEA US to prefer younger individuals in management positions.

36.     The IKEA Group owns and controls IKEA US.

37.     IKEA US maintains headquarters that are located in Conshohocken, Pennsylvania.

38.     IKEA refers to its U.S. headquarters as the "Service Office."

39.     Upon information and belief, the Service Office is staffed by employees who receive their W-2 forms from defendant North America Services, LLC, but whose areas of responsibility cover the entirety of IKEA US.

40.     IKEA US utilizes centralized human resources and employment policies and strategies that are promulgated in and disseminated from the Service Office in Conshohocken, Pennsylvania.

41.     IKEA US's centralized human resources, personnel and employment policies and strategies are implemented in connection with the job application/selection for promotion process through, among things, the involvement of its Recruiting Department, which is based out of the Service Office.   Among other things, the Recruiting Department pre-screens applicants, interviews candidates, makes recommendations, and finally approves successful candidates for promotion.

42.     IKEA US has a corporate culture of age bias.

43.     IKEA US has had in place a goal to create a younger management base.

44. IKEA US has had in place a long term strategy of having young people in management positions.

45. IKEA US has communicated its strategy of having young people in management positions to the entirety of IKEA US.

46. IKEA US has had in place a policy to favor young employees in management positions.

47. IKEA US openly expresses a preference in favor of young employees as the future leaders of the company.

48. IKEA US has set age-biased personnel goals for management level employees.

49. IKEA US has communicated its age-biased personnel goals throughout the entirety of IKEA US.

50. IKEA US has communicated its preference for young people in management positions throughout the entirety of IKEA US.

51. IKEA US considers age in its employment decisions, and favors younger employees when making promotions decisions and selecting individuals for management positions.

52. IKEA US's age bias from the top-down infuses and infects the employment decision-making process throughout the entirety of IKEA US.

53. Since February 12, 2018, at least four current or former employees of IKEA US have filed age discrimination lawsuits against Defendants in the United States District Courts, alleging, among other things, that IKEA operating in the US considers age in its employment decisions and acts upon its openly expressed preference in favor of younger employees to the detriment of its older employees.  The captions of these lawsuits are as follows:

a.    *Donofrio v. IKEA US Retail, LLC* (E.D. Pa. No. 2:18-cv-00599-AB) (Feb. 12, 2018);

b.    *Parker v. IKEA North America Services, LLC* (E.D. Pa. 2:18-cv-03261-AB) (Aug. 1, 2018);

c.    *Gorbeck v. IKEA North America Services, LLC, et al.* (E.D. Pa. 2:18-cv-00599-AB) (Aug. 27, 2018); and

d.    *Nasci v. IKEA North America Services, LLC* (W.D. Pa. 2:18-cv-01643-CB) (Dec. 10, 2018).

54.    IKEA US has engaged in systemic age discrimination against its Older Workers.

55.    IKEA US has engaged in a pattern and practice of age discrimination.  Upon information and belief, and without limitation:

a.    IKEA US has had in place long term goals to have a younger management base and a certain number of younger individuals in management level positions.  Every IKEA US store was directed that if it lost a member of its Store Steering Group, it was to fill the position with someone younger than 35.  Specific goals of having a certain number of younger employees in management positions were stated in writing by the US Strategic Human Resources Committee and communicated to every store throughout the United States.  The goals have been spoken of and communicated in different ways, such as in terms of "age distribution goals," "succession," "potential" or "diversity."

b.    IKEA US has tracked, monitored and reported on its age-based personnel goals.

c.    IKEA US has had in place a long term strategy for recruiting and promoting younger people into management positions.

d.    IKEA US has had in place leadership development programs as part of a strategy to advance young employees into management positions.

e.    IKEA US has had in place a policy of identifying the "potential" of its employees as a proxy to assess promotability in an age-biased manner.

f.     IKEA US has undertaken recruiting efforts aimed at recruiting young individuals into management positions.

g.     IKEA US has implemented "reorganization" efforts, including one entitled "Organization for Growth" (a/k/a "O4G"), to remove older employees from management positions.

h.     IKEA US has had a promotions policy and/or practice that calls for the consideration of data on internal applicants for management positions, including their age.

i.     IKEA US has had a job selection process by which older qualified applicants seeking promotion are precluded from consideration without due consideration.

j.     IKEA US has had a job selection process by which older qualified applicants seeking promotion are precluded from consideration in favor of younger applicants.

k.     IKEA US managers openly express age bias in favor of younger employees.

l.     IKEA US fails to remediate complaints of age discrimination, and thus promotes a culture in which discrimination against older employees is tolerated and encouraged.

m.     IKEA US has had in place programs explicitly aimed at promoting "young" talent and/or "young" potentials.

n.     IKEA US has expressly stated to all of its employees – including decision-makers, applicants, potential applicants, and those charged with complying with its stated anti-discrimination policies – that it is "looking for young talents."

o.     IKEA US openly flouts the ADEA by, without limitation, publicizing advertisements for expressing a preference for "young" candidates, such as for its "Global Young Potentials Program."

p.     IKEA US intentionally fails to promote older employees because of their age.

q.     IKEA US fails to promote older employees for promotion because of their age.

56.    IKEA US's employment policies and/or practices are infected with age bias from the top down and infuse all aspects of its employment decisions.

57.    IKEA US's employment policies and/or practices, such as, without limitation, its identification of "potential," and/or its promotion policy, and/or its consideration of age in connection with diversity, and/or its consideration of age in employment decisions, and/or its leadership development programs, and/or its policies and practices in connection with requiring relocation and/or offering relocation support, and/or its application and job selection policies, practices, and/or processes have resulted in a statistically significant disparity in the promotion rates of its Older Workers.

58.    IKEA US passes over for promotion qualified Older Workers in favor of substantially younger individuals.

59.    IKEA US's policies infected with age bias, its corporate culture of age bias, its open expression of considering age in employment decisions, and/or its openly expressed

preference for developing and/or selecting younger employees as its future leaders, affect the employment decisions made by IKEA US and adversely affect IKEA US's older employees.

60.     IKEA US's polices infected with age bias, its corporate culture of age bias, its open expression of considering age in employment decisions, and/or its openly expressed preference for developing and/or selecting younger employees as its future leaders, among other things, have deterred older employees from applying for leadership development opportunities or programs and/or for promotion.

61.     IKEA US has since at least January 24, 2018, engaged in a pattern and practice of age discrimination against its Older Workers, including Plaintiff.

62.     IKEA US has by its actions since at least January 24, 2018, intentionally discriminated against Older Workers, including Plaintiff.

63.     IKEA US's policies and/or practices have since at least January 24, 2018, resulted in a disparate impact against Older Workers, including Plaintiff.

64.     IKEA US has since at least January 24, 2018, denied promotion to Older Workers, including Plaintiff, because of age.

**Plaintiff Brandon Paine**

65.     IKEA US hired Plaintiff on or about February 16, 2004.

66.     Plaintiff currently works for IKEA US as an Active Selling Leader in the New Haven, Connecticut store.

67.     Plaintiff has consistently Plaintiff has demonstrated excellent performance and dedication, he has performed his duties in a highly competent manner, and has received positive feedback.

68.     At the time of his hire, Plaintiff was age 34.  He was hired as an assistant department manager to work in Defendants' New Haven, Connecticut store.

69.     In 2006, at the age of 36, Plaintiff was promoted into a Shopkeeper position in the New Haven store.

70.     Plaintiff's performance in the Shopkeeper position was recognized to be satisfactory of better.

71.     Among other ways in which IKEA US recognized his positive performance, and without limitation, IKEA US had called upon Plaintiff to serve as a Sales Leader/Sales Planner (which would have been a promotion from the Shopkeeper position) on an interim basis.

72.     In or about May, 2017, Plaintiff, at age 47, applied for promotion to the Sales Leader/Sales Planner position.

73.     Plaintiff was qualified for the position and, in fact, had performed it successfully on an interim basis.

74.     IKEA US failed to promote Plaintiff to the Sales Leader/Sales Planner position.

75.     IKEA US selected for the Sales Leader/Sales Planner position four (4) substantially younger, less qualified employees for the position: Shane Coopwood (26)[1]; Sonja Schenkemeyer (27); Nicholas Wheat (28); and Spencer Saldumbide (28).

76.     IKEA US denied Plaintiff a promotion to the Sales Leader/ Sales Planner position because of his age.

77.     In or about October, 2017, IKEA US announced a "reorganization" entitled O4G.

---

[1] All ages identified herein (other than that of Plaintiff) are approximations.

78.     O4G was an effort by IKEA US to eliminate older employees from management positions by, without limitation, terminating them, demoting them, or effectively forcing them out.

79.     O4G was an effort by IKEA US to favor younger employees over older employees by offering younger employees better jobs with higher pay.

80.      Through O4G, employees were assigned "new" roles within the company. These "new" roles guaranteed base pay protection for IKEA employees through December 31, 2018. However, following December 31, 2018, if the "new" assigned position came with a lower pay grade, the employee's pay would then be reduced accordingly.  Upon information and belief, this was a scheme intended to harm older employees by removing them from management positions while lulling and/or deceiving them into foregoing their rights to pursue age discrimination claims past the 300 day federal charge filing deadline.

81.     In connection with 04G, in or about October, 2017, IKEA US demoted Plaintiff's position from Shopkeeper to Active Selling Leader.

82.     Effective January 1, 2019, Plaintiff's compensation decreased by more than $10.00 per hour in connection with this demotion.

83.     IKEA US did not demote Plaintiff because of any alleged poor performance.

84.     IKEA US told Plaintiff that the reason for his demotion was IKEA US' realignment of job functions and duties to be more competitive in the retail environment.

85.     The stated reason for the demotion was a pretext.  IKEA US demoted Plaintiff to the position of Active Selling Leader because of his age.

86.     Plaintiff's performance in the Active Selling Leader position was recognized to be satisfactory of better.  For example, and without limitation, in his 2018 written performance evaluation, Plaintiff's manager praised him, as follow:

> Brandon has so many great qualities as an IKEA Leader. He is passionate about the quality of his work. He is fiercely loyal to his team as they are [t]o him. He has a wealth of knowledge about the IKEA concept and also from his history of being a shopkeeper, the knowledge and capability of implementing the concept in the store, including meeting the customer with the range.

87.     Since O4G, Plaintiff has applied for promotion several times, and has been rejected for promotion because of his age.

88.     In or about December 2017, Plaintiff again applied for promotion to the Sales Leader/ Sales Planner position.

89.     Plaintiff was qualified for the Sales Leader/Sales Planner position.

90.     On or about February 7, 2018, Plaintiff learned that he had been rejected for the Sales Leader/ Sales Planner position.

91.     IKEA US selected for the Sales Leader/Sales Planner position Audrey Bates (30).

92.     Plaintiff was better qualified for the position than Ms. Bates.

93.     Defendants failed to promote Plaintiff to the Sales Leader/ Sales Planner position because of his age.

94.     In or about June 2018, Plaintiff applied for promotion to the Active Selling Manager position at Defendants' store in Live Oak, Texas.

95.     Plaintiff was qualified for the Active Selling Manager position.

96.     In or about June 28, 2018, Plaintiff learned that he had been rejected for the Active Selling Manager position.

97.     IKEA US selected for the Active Selling Manager position Jeffrey Borlik ("Borlik") (30) for the position.

98.     Plaintiff was more qualified for the position that Mr. Borlik in that, without limitation, Mr. Borlik had four (4) years of experience with IKEA whereas Plaintiff had approximately fourteen (14) years of experience with IKEA at the time.

99.     IKEA US failed to promote Plaintiff to the Active Selling Manager position because of his age.

100.     In or about August 2018, Plaintiff applied for promotion to the Active Selling Manager position in at IKEA US' store in Norfolk, Virginia.

101.     Plaintiff was qualified for the Active Selling Manager position.

102.     On or about September 27, 2018, Plaintiff learned that he was not selected for the Active Selling Manager position.

103.     After he learned he did not get the Active Selling Manager position, Plaintiff had a telephone call with Tiffin Mohr ("Mohr") (48), the Customer Experience Manager with whom he had interviewed. During the call, Ms. Mohr told Plaintiff words to the effect that since Active Selling was a "new role" within IKEA, IKEA was looking for someone who could bring "new and innovative ideas" to the position and that, as a result, IKEA would be hiring an external candidate.  Plaintiff understood this to mean that IKEA considers an employee's age when making hiring and promotional decisions, and that it wanted to hire someone younger.

104.     IKEA US selected an external candidate for the Active Selling Manager position.

105.     IKEA failed to promote Plaintiff to the Active Selling Manager position because of his age.

106.    In or about December, 2018, Plaintiff applied for the Sales Plan Manager position in IKEA US Frisco, Texas store.

107.    Plaintiff was qualified for the Sales Plan Manager position.

108.    On or about January 27, 2019, Plaintiff learned that he had been rejected for the Sales Plan Manager position.

109.    IKEA US selected for the Sales Plan Manager position Luke Lummano (31) for the position.

110.    Plaintiff was at least as, if not more, qualified for the position than Mr. Iadevaia because of, without limitation, Plaintiff's experience.

111.    IKEA US failed to promote Plaintiff to the Sales Plan Manager position because of his age.

112.    In or about January 24, 2019, Plaintiff applied for the Active Selling Manager position in IKEA US' San Diego, California store.

113.    Plaintiff was qualified for the Active Selling Manager position.

114.    As of this filing, IKEA US has not offered Plaintiff the Active Selling Manager position.

115.    IKEA US has rejected Plaintiff's applications for promotion without due consideration.  For example, and without limitation, several of the interviews seemed to be just going through the motions and not intended to actually assess Plaintiff's ability to perform the job.

116.    Plaintiff has sometimes not applied for or has withdrawn from consideration for promotion upon learning that relocation support would not be offered for a position.  For example, and without limitation,  in or about December, 2018, Plaintiff applied for the Sales Plan

17

and Steer Field Advisor position based in IKEA US' Conshohocken store. Upon being

informed, nearly a month and half after he applied, that relocation assistance would not be

offered, Plaintiff withdrew his application.

117.     Comments and conduct by management at the IKEA New Haven store have

demonstrated a bias against older employees, including, but not limited to, the following

instances:

   a.  During an interview for a promotion, an IKEA manager asked an older
       applicant if she was considering retirement soon;

   b.  During a meeting with employees in the New Haven, Connecticut retail store,
       then Human Resources Manager Jacqueline DeChamps stated that, as part of
       IKEA US's action plan, every store needed to hire a management "steering"
       member under age thirty (30);

   c.  during a recent meeting with Plaintiff, Store Manager Christoph Stein asked
       Plaintiff why he had waited so long in his career to apply for jobs "leading
       leaders" (i.e., higher level management positions); and

   d.  several older employees have recently been demoted or pushed out.

118.     IKEA US has failed to promote Plaintiff because of his age.

119.     As a direct and proximate result of the age discriminatory and unlawful conduct

of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings

and/or earning capacity, and loss of benefits, the full extent of which is not known at this time.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA
## DISPARATE TREATMENT
### (by Plaintiff individually
### and on behalf of similarly situated Older Workers)

120.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

121.    The ADEA claim of age discrimination – disparate treatment as alleged herein is brought by Plaintiff individually and on behalf of similarly situated employees ("Older Workers").

122.    Defendants have intentionally discriminated against Plaintiff and Older Workers because of their age.

123.    Defendants have engaged in a pattern and practice of age discrimination against Plaintiff and Older Workers.

124.    Defendants have denied promotions to Plaintiff and Older Workers because of their age.

125.    Age was a determinative factor in Defendants' passing over Plaintiff and Older Workers for training and leadership development programs and opportunities.

126.    Age was a determinative factor in Defendants' failure to promote Plaintiff and Older Workers.

127.    As a direct result of Defendants' discriminatory conduct, Plaintiff and Older Workers have in the past incurred, and will in the future incur, a loss of earnings and/or earnings capacity, loss of benefits, and other injuries, the full extent of which is not known at this time.

128.    Defendants, by the discriminatory acts set forth herein, have violated the ADEA.

129.     Defendants' violation of the ADEA was intentional and willful under the circumstances and warrants the imposition of liquidated damages.

130.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff and Older Workers have sustained the injuries, damages, and losses set forth herein.

131.     Plaintiff and Older Workers are now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' age discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

**COUNT II**
**VIOLATION OF THE ADEA –**
**DISPARATE IMPACT/PROMOTION RATES**
**(by Plaintiff individually**
**<u>and on behalf of similarly situated Older Workers)</u>**

132.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

133.     The ADEA claim of age discrimination – disparate impact/promotion rates as alleged herein is brought by Plaintiff individually and on behalf of similarly situated employees ("Older Workers").

134.     Defendants utilize practices, policies, and procedures that disparately impact Older Workers, including Plaintiff.

135.     Upon information and belief, Defendants' identification of "potential," and/or its promotion policy, and/or its consideration of age in connection with diversity, and/or its consideration of age in employment decisions, and/or its leadership development programs, and/or its policies and practices in connection with requiring relocation and/or offering relocation support, and/or its application and job selection policies, practices, and/or processes have resulted in a statistically significant disparity in the promotion rates of its Older Workers.

136.    The foregoing policies, individually and/or collectively, have had a disparate impact on the promotion rates of Older Workers, including Plaintiff.

137.    Defendants, by their policies and/or practices, have violated the ADEA.

138.    As a direct and proximate result of Defendants' violation of the ADEA, Older Workers, including Plaintiff, have sustained the injuries set forth herein.

139.    Plaintiff and Older Workers are now suffering and will continue to suffer irreparable injury as a result of Defendants' age discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff, Brandon Paine, respectfully requests that this Court enter judgment in his favor and against Defendants, IKEA US Retail, LLC, f/k/a IKEA US East, LLC d/b/a IKEA; IKEA North America Services, LLC, d/b/a IKEA; and IKEA North America Services, LLC d/b/a IKEA and issue an Order:

a.    declaring this action to be an ADEA collective action properly maintained under 29 U.S.C. § 216(b);

b.    requiring Defendants to provide to Plaintiff the names, date of birth, addresses (including e-mail addresses), current positions, and telephone numbers of all current and former employees of Defendants who, since January 24, 2018, were age 40 or over and denied promotion;

c.    requiring that notice and opportunity to opt-in be given to all current  or former employees of Defendants who, since January 24, 2018, were age 40 or over and denied or promotion;

d.      declaring the acts and practices complained of to be a violation of the ADEA;

e.      declaring the acts and practices complained of by Plaintiff on an individual basis to be a violation of the ADEA;

f.      enjoining and restraining permanently the violations alleged herein;

g.      awarding compensatory damages to Plaintiff and Older Workers to make Plaintiff and Older Workers whole for all past and future lost earnings, benefits, and earnings capacity which Plaintiff and Older Workers have suffered and will continue to suffer as a result of Defendants' discriminatory conduct;

h.      awarding liquidated damages to Plaintiff and Older Workers;

i.      awarding to Plaintiff and Older Workers the costs of this action, together with reasonable attorney's fees;

j.      awarding Plaintiff and Older Workers such other damages as are appropriate under the ADEA; and

k.      granting such other and further relief as this Court deems appropriate.

CONSOLE MATTIACCI LAW, LLC

BY: _____
Stephen G. Console
Laura C. Mattiacci
Susan M. Saint-Antoine
Brian C. Farrell
Emily R. Derstine Friesen
1525 Locust Street, 9th Floor
Philadelphia, PA  19102
(215) 545-7676
(215) 565-2855 (fax)
console@consolelaw.com
mattiacci@consolelaw.com
santanto@consolelaw.com
farrell@consolelaw.com

<u>derstinefriesen@consolelaw.com</u>
Attorneys for Plaintiff,
Brandon Paine
(*on behalf of himself individually
and on behalf of those similarly situated*)

Dated:  February 21, 2019

Exhibit "A"

| CHARGE OF DISCRIMINATION | AGENCY<br>Q FEPA<br>X EEOC | CHARGE NUMBER<br>*523-2019-00338* |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | |

| STATE OR LOCAL AGENCY: <u>Connecticut Commission on Human Rights and Opportunities</u> | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Brandon Paine | HOME TELEPHONE NUMBER *(Include Area Code)* ▇▇▇ |
|---|---|

| STREET ADDRESS ▇▇▇ | CITY, STATE AND ZIP<br>Hamden, CT 06514 | DATE OF BIRTH ▇▇▇ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>IKEA | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(888) 888-4532 |
|---|---|---|

| STREET ADDRESS<br>450 Sargent Drive | CITY, STATE AND ZIP<br>New Haven, CT 06511 | COUNTY<br>New Haven |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>Q Retaliation   X Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*            *Latest*   11/16/2018 (ongoing) |
|---|---|

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondent on or about February 16, 2004.  I currently hold the position of Active Selling Leader.  I currently report to Karl Ryan (52ᵃ), Active Selling Manager.  Ryan reports to Zoe Zengeni (39), Customer Experience Manager.

Respondent failed to promote me because of my age.  Respondent failed to promote me to four (4) positions for which I had applied and was interviewed.  I am age forty-eight (48), with more than fourteen (14) years of service at Respondent. Instead of promoting me, Respondent promoted substantially younger employees.

I consistently demonstrate excellent performance and dedication to Respondent.  I perform my duties in a highly competent manner, and receive positive feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>Date:  11/17/18      Charging Party *(Signature)*:  *Brandon [signature]* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

ᵃ All ages herein are approximations.

RECEIVED

NOV 20 2018

E.E.O.C.
BOSTON AREA OFFICE

EEOC Charge of Discrimination
Page 2 of 5
Initials of Charging Party – *RP*

2.   Harm Summary

I have been discriminated against because of my age (48).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)  Respondent has engaged in a systematic pattern and practice of failing to promote its employees age forty (40) and over.

(b)  Respondent considers age when promoting employees.

(c)  Respondent engages in a systematic pattern and practice of denying leadership development and advancement opportunities to employees age forty (40) and over.

(d)  Respondent states that it offers leadership development and advancement opportunities based on age.

(e)  Respondent's training and development programs intentionally discriminate against employees age forty (40) and over and disparately impact employees age forty (40) and over.

(f)  Respondent favors and invests in young employees, or "young talents," or "co-workers of tomorrow," in ways that it does not favor or invest in employees over age forty (40).

(g)  In or about May 2017, I applied for the Sales Leader (Sales Planner) position.  I was qualified for the position.  I had performed the Sales Leader (Sales Planner) position on an interim basis for five (5) of Respondent's stores between September 2013 and May 2017.

(h)  In or about May 2017, I interviewed with Patricia Crawford (48), Market Operations Manager, for the Sales Leader (Sales Planner) position.

(i)  In or about May 2017, I learned that Respondent failed to promote me to the Sales Leader (Sales Planner) position.  Although I was qualified for the position, I was not promoted.  Instead, Respondent selected the following substantially younger employees for the position: Shane Coopwood (26); Sonja Schenkemeyer (27); Nicholas Wheat (28); and Spencer Saldumbide (28).

(j)  Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employees were selected for the position.

(k)  Respondent failed to promote me to the Sales Leader (Sales Planner) position because of my age.

(l)  On or about October 15, 2017, I was demoted from Shopkeeper to Active Selling Leader.

(m)  Effective January 1, 2019, my compensation will decrease by more than $10.00 per hour in connection with my demotion.

(n)  The stated reason for my demotion and compensation decrease was Respondent's realignment of job functions and duties to be more competitive in the retail environment.

EEOC Charge of Discrimination
Page 3 of 5
Initials of Charging Party – 

(o) On or about October 15, 2017, I began reporting to Ryan.

(p) In or about December 2017, I applied for the Sales Leader (Sales Planner) position. I was qualified for the position.

(q) On December 28, 2017, I interviewed with John McCall, Recruiter, for the Sales Leader (Sales Planner) position.

(r) On January 11, 2018, I interviewed with Roberta Weirman (55), Hiring Manager, for the Sales Leader (Sales Planner) position.

(s) On February 7, 2018, I learned that Respondent failed to promote me to the Sales Leader (Sales Planner) position. Although I was qualified for the position, I was not promoted. Instead, Respondent selected Audrey Bates (30) for the position.

(t) Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employee was selected for the position.

(u) Respondent failed to promote me to the Sales Leader (Sales Planner) position because of my age.

(v) In June 2018, I applied for the Active Selling Manager position in Live Oak, Texas. I was qualified for the position.

(w) On June 18, 2018, I interviewed with Tanisha Ferris (30), Recruiter, for the Active Selling Manager position.

(x) On June 22, 2018, I interviewed with Kimberly Castillo (35), Customer Experience Manager, for the Active Selling Manager position.

(y) On June 28, 2018, I learned that Respondent failed to promote me to the Active Selling Manager position. Although I was qualified for the position, I was not promoted. Instead, Respondent selected Jeffray Borlik (30) for the position. Borlik had four (4) years of experience with Respondent; I had fourteen (14) years of experience with Respondent.

(z) Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employee was selected for the position.

(aa) Respondent failed to promote me to the Active Selling Manager position because of my age.

(bb) In August 2018, I applied for the Active Selling Manager position in Norfolk, Virginia. I was qualified for the position.

(cc) On September 14, 2018, I interviewed with Amy Hagblom (38), Recruiter, for the Active Selling Manager position.

(dd) On September 21, 2018, I interviewed with Tiffin Mohr (48), Customer Experience Manager, for the Active Selling Manager position.

EEOC Charge of Discrimination
Page 4 of 5
Initials of Charging Party —

(ee) On September 27, 2018, I learned that Respondent failed to promote me to the Active Selling Manager position.  Although I was qualified for the position, I was not promoted.  In a call with Mohr, I was told that, since Active Selling was a new role to Respondent, Respondent was looking for someone who could bring "new and innovative ideas" to the position and that Respondent would be hiring an external candidate.  I understood this to mean that Respondent considers an employee's age when making hiring and promotional decisions, as the statement suggests to me.

(ff) Instead of promoting me to the position, Respondent selected an external candidate for the Active Selling Manager position.

(gg) Respondent failed to promote me to the Active Selling Manager position because of my age.

(hh) Respondent's comments and conduct evidence a bias against older employees, including, and in addition to the above, but not limited to the following instances.

    i.   During an interview for a promotion, Respondent asked Kelli King (55) if she was going to be considering retirement soon.

    ii.   During a meeting with employees, Respondent stated that, as part of its action plan, every store needed to hire a management steering member under age thirty (30).

    iii.   Respondent recently demoted and/or pushed out the following employees: Wilton Fulton (72), Shopkeeper; George Peterson (55), Shopkeeper; Gabby Ortiz (48), Food Services Team Leader.

    iv.   On February 12, 2018, a lawsuit, *Donofrio v. IKEA*, was filed against Respondent, alleging a systematic pattern and practice of age discrimination.

    v.   On August 1, 2018, a lawsuit, *Parkor v. IKEA*, was filed against Respondent, alleging a systematic pattern and practice of age discrimination.

EEOC Charge of Discrimination
Page 5 of 5
Initials of Charging Party

B.  1.  Respondent's Stated Reasons

(a)  Respondent has not offered any non-age biased explanation for failing to promote me, including failing to promote me to the Sales Leader (Sales Planner) and Active Selling Manager positions.

(b)  Respondent's stated reason for demoting me, Respondent's realignment of job functions and duties to be more competitive in the retail environment, is pretext for age discrimination and/or a statement made because of age.

C.  1.  Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (48) in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Connecticut Human Rights and Opportunities Act, as amended, Conn. Gen. Stat. § 46a-51 *et seq.* ("CHROA") as set forth herein.

D.  1.  Class Charge

I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, training, or termination decisions, and/or have been subjected to a hostile work environment.