**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____ :
**BRANDON PAINE**                              :
  **Hamden, CT 06514**                       :      **C.A. No. 2:19-cv-00723-AB**
  *on behalf of himself individually*       :
  *and on behalf of those similarly situated,* :
                               :
      **Plaintiff**                         :
                               :      **ADEA COLLECTIVE ACTION**
                               :
      **v.**                                :      **JURY TRIAL DEMANDED**
                               :
                               :
**IKEA HOLDING US, INC.**                      :
  **d/b/a IKEA**                             :
  **420 Alan Wood Road**                     :
  **Conshohocken, PA 19428,**               :
                               :
**IKEA US RETAIL, LLC**                        :
  **f/k/a IKEA US EAST, LLC**                :
  **d/b/a IKEA**                             :
  **420 Alan Wood Road**                     :
  **Conshohocken, PA 19428,**               :
                               :
      **and**                               :
                               :
**IKEA NORTH AMERICA SERVICES, LLC**           :
  **d/b/a IKEA**                             :
  **420 Alan Wood Road**                     :
  **Conshohocken, PA 19428 ,**              :
                               :
      **Defendants**                        :
                               :
_____ :

## CONSENTED TO SECOND AMENDED COMPLAINT

### I.    PRELIMINARY STATEMENT.

IKEA is a multinational company that openly expresses a preference in favor of young employees as the company's future leaders – including in its operations in the United States. IKEA US openly and publicly violates US law prohibiting age discrimination, has a corporate

1

culture of age discrimination, and has engaged in a pattern or practice of age discrimination against its older employees, including Plaintiff, Brandon Paine (currently age 48).   Without limitation, IKEA US: has openly expressed age-based personnel goals in favor of young employees; has openly expressed a preference for the advancement of younger individuals as the company's future leaders; has openly directed every store location nationwide to hire younger people into certain positions; flouts US age discrimination law by publishing job ads openly seeking "young talent;" and has a promotion selection process that tracks and considers employee ages.  The company's age bias from the top down infuses and infects every aspect of the employment decision-making process.

Plaintiff, Brandon Paine, has been adversely affected by IKEA's pattern or practice of age discrimination and its policy of favoring young employees for promotion. He is a long term employee of IKEA US who was effectively demoted because of his age in connection with a so-called reorganization, and then repeatedly rejected because of his age for promotion into open and available positions for which he was well qualified and applied.   Plaintiff now brings this action against Defendants for violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), as a collective action pursuant to the ADEA, 29 U.S.C. § 626(b), incorporating section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of himself individually and on behalf of those similarly situated: *i.e.,* all those current and former employees of IKEA in the United States (a/k/a IKEA US) who, since January 24, 2018, were age 40 or over and rejected for promotion ("Older Workers") (Counts I, II).  In that regard, Plaintiff seeks an Order providing that Notice of this lawsuit be given to each Older Worker. In addition, Plaintiff seeks injunctive and declaratory relief, damages, including

compensatory and liquidated damages, attorney's fees and costs, and all other relief under the ADEA and any other relief this Court deems appropriate.

In addition, Plaintiff brings this action on an individual basis only for Defendants' violation of the Connecticut Human Rights and Opportunities Act, as amended, Conn. Gen. Stat. § 46a-51 *et seq.* ("CHROA") and its subsection, the Connecticut Fair Employment Practices Act, as amended, Conn. Gen. Stat. § 46a-60, *et seq.* ("CFEPA")("Count III").

## II.    PARTIES.

1.    Plaintiff, Brandon Paine, is an individual and citizen of the state of Connecticut, residing therein in Hamden, Connecticut 06514.

2.    Plaintiff was born in August 1970 and is currently forty-eight (48) years old.

3.    Plaintiff is a current US employee of "IKEA" who works at the IKEA store located in New Haven, Connecticut, and receives his form W-2 from defendant IKEA US Retail, LLC.

4.    "IKEA" is a multinational company that presents and promotes itself publicly as a centrally controlled entity known as the "IKEA Group."

5.    The IKEA Group operates in the United States through various owned and controlled subsidiary entities all of which do business as and present themselves as "IKEA," including, without limitation, defendants IKEA Holding US, Inc., IKEA US Retail, LLC, and IKEA North America Services, LLC.

6.    Defendant IKEA Holding US, Inc. is a Delaware corporation with headquarters and a principal place of business located in Conshohocken, Pennsylvania.

7.    Defendant IKEA Holding US, Inc., through its subsidiary entities, owns defendant IKEA US Retail, LLC, and its subsidiary, IKEA North America Services, LLC.

8.      Defendant IKEA US Retail, LLC is a limited liability company with headquarters and a principal place of business located in Conshohocken, Pennsylvania.

9.      Defendant IKEA North America Services, LLC is a limited liability company with headquarters and a principal place of business located in Conshohocken, Pennsylvania.

10.     Defendants share common ownership, management, human resources and employment policies.

11.     The IKEA Group, through its various owned and controlled subsidiary companies, including Defendants, holds itself out to the public and its employees in the United States as one company, referred to hereinafter as "IKEA US" or "Defendants."

12.     The employees of IKEA US, regardless of the payroll company from which their form W-2 is issued, are subject to the same, centrally controlled policies regarding human resources and employment matters.

13.     IKEA US is interconnected such that the entities that comprise it are considered a "single" and/or "integrated" employer, and/or "joint" employer.

14.     Defendants are alter-egos of each other, IKEA US and/or the IKEA Group.

15.     Defendants are interconnected such that each entity, individually or collectively, contributed to, caused and/or is responsible for the age discrimination alleged herein.

16.     IKEA US employs over 15,000 people.

17.     At all times material hereto, Defendants, individually and/or collectively, have been engaged in an industry affecting interstate commerce and have acted as an "employer" within the meaning of the anti-discrimination laws at issue.

18.     At all times material hereto, Defendants, individually and/or collectively, employed more than twenty (20) people.

19.     At all times material hereto, Defendants, individually and/or collectively, acted by and through their authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendants and in furtherance of the business of Defendants.

20.     At all times material hereto, Plaintiff has been an employee of Defendants, individually and/or collectively, within the meaning of the anti-discrimination laws at issue.

## III.     JURISDICTION AND VENUE.

21.     The causes of actions alleged herein arise under the ADEA, as amended, 29 U.S.C. §621, *et seq.*, and the CFEPA, as amended, Conn. Gen. Stat. § 46a-60, *et seq.*

22.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost.

23.     The District Court has jurisdiction over the ADEA claims (Counts I, II) pursuant to 29 U.S.C. §626(c) and 29 U.S.C. §1331.

24.     The District Court has jurisdiction over Count III (CFEPA) pursuant to 28 U.S.C. § 1362 and also pursuant to 28 U.S.C. § 1332.

25.     The District Court has personal jurisdiction over Defendant IKEA US Retail, LLC because, *inter alia,* defendant maintains its headquarters and/or a principal place of business in Pennsylvania, maintains systematic and continuous activity such that it is at home in Pennsylvania, the actions giving rise and/or related to this suit occurred in Pennsylvania, and/or it has consented to the jurisdiction of this Court through, among other things, its appointment of an authorized agent in Pennsylvania to accept service of process.

26.     The District Court has personal jurisdiction over Defendant IKEA North America Services, LLC because, *inter alia,* defendant maintains its headquarters and/or a principal place of business in Pennsylvania, maintains systematic and continuous activity such that it is at home

in Pennsylvania, the actions giving rise and/or related to this suit occurred in Pennsylvania, and/or it has consented to the jurisdiction of this Court through, among other things, its appointment of an authorized agent in Pennsylvania to accept service of process.

27.    The District Court has personal jurisdiction over Defendant IKEA Holding US, Inc. because, *inter alia,* defendant maintains its headquarters and/or a principal place of business in Pennsylvania, maintains systematic and continuous activity such that it is at home in Pennsylvania, the actions giving rise and/or related to this suit occurred in Pennsylvania, and/or it has consented to the jurisdiction of this Court through, among other things, its appointment of an authorized agent in Pennsylvania to accept service of process.

28.    Venue is proper under 28 U.S.C. § 1391(b) because, without limitation, Defendants are residents in this judicial district and/or a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

29.    On or about November 20, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with Connecticut Commission on Human Rights and Opportunities ("CCHRO").

30.    Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of Plaintiff's November 20, 2018 Charge of Discrimination (with minor redactions for purposes of electronic filing of confidential/identifying information).

31.    On or about June 10, 2019, Plaintiff dually filed a second charge of discrimination, a true and correct copy of which is attached hereto as Exhibit "B" (with minor redactions for purposes of electronic filing of confidential/identifying information).

32.     On or about November 20, 2019, Plaintiff dually filed a third charge of discrimination, a true and correct copy of which is attached hereto as Exhibit "C" (with minor redactions for purposes of electronic filing of confidential/identifying information).

33.     More than 60 days have passed since Plaintiff filed his charges of discrimination.

34.     The CCHRO on or about July 10, 2019, issued a Release of Jurisdiction.

35.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS SUPPORTING CLAIMS.

### *IKEA US's Policy of Favoring Younger Employees and its Pattern or Practice of Age Discrimination*

36.     The IKEA Group is a multinational company that has a corporate culture of age bias.

37.     The IKEA Group openly expresses a preference in favor of young employees as the future leaders of the company.

38.     The IKEA Group has, among other things, directed IKEA US to set age-biased personnel goals for management level employees.

39.     The IKEA Group has, among other things, directed IKEA US to consider age in its employment decisions.

40.     The IKEA Group has, among other things, directed IKEA US to prefer younger individuals in management positions.

41.     The IKEA Group owns and controls IKEA US.

42.     IKEA US maintains headquarters that are located in Conshohocken, Pennsylvania.

43.     IKEA US refers to its U.S. headquarters as the "Service Office."

44.     Upon information and belief, the Service Office is staffed by employees who receive their W-2 forms from defendant North America Services, LLC, but whose areas of responsibility cover the entirety of IKEA US.

45.     IKEA US utilizes centralized human resources and employment policies and strategies that are promulgated in and disseminated from the Service Office in Conshohocken, Pennsylvania.

46.     IKEA US's centralized human resources, personnel and employment policies and strategies are implemented in connection with the job application/selection for promotion process through, among things, the involvement of its Recruiting Department, which is based out of the Service Office.   Among other things, the Recruiting Department pre-screens applicants, interviews candidates, makes recommendations, and finally approves successful candidates for promotion.

47.     Upon information and belief, IKEA US asks all employees to indicate their willingness to relocate, and the Recruiting Department considers same in screening applicants for all positions.

48.     Upon information and belief, the interviews conducted by the Recruiting Department appear to be based on a uniform script of questions that do not appear to elicit information regarding an internal candidate's ability to perform the position sought.

49.     IKEA US has a corporate culture of age bias.

50.     IKEA US has had in place a goal to create a younger management base.

51.     IKEA US has had in place a long term strategy of having young people in management positions.

52.     IKEA US has communicated its strategy of having young people in management positions to the entirety of IKEA US.

53.     IKEA US has had in place a policy to favor young employees in management positions.

54.     IKEA US openly expresses a preference in favor of young employees as the future leaders of the company.

55.     IKEA US has set age-biased personnel goals for management level employees.

56.     IKEA US has communicated its age-biased personnel goals throughout the entirety of IKEA US.

57.     IKEA US has communicated its preference for young people in management positions throughout the entirety of IKEA US.

58.     IKEA US considers age in its employment decisions, and favors younger employees when making promotions decisions and selecting individuals for management positions.

59.     Age bias from the top-down infuses and infects the employment decision-making process throughout the entirety of IKEA US.

60.     Since February 12, 2018, at least five current or former employees of IKEA US have filed age discrimination lawsuits against Defendants in the United States District Courts, alleging, among other things, that IKEA operating in the US considers age in its employment decisions and acts upon its openly expressed preference in favor of younger employees to the detriment of its older employees.  The captions of these lawsuits are as follows:

        a.    *Donofrio v. IKEA US Retail, LLC* (E.D. Pa. No. 2:18-cv-00599-AB) (Feb. 12, 2018);
        b.    *Parker v. IKEA North America Services, LLC* (E.D. Pa. 2:18-cv-03261-AB) (Aug. 1, 2018);

> c.    *Gorbeck v. IKEA North America Services, LLC, et al.* (E.D. Pa. 2:18-cv-00599-AB) (Aug. 27, 2018); and
>
> d.    *Nasci v. IKEA North America Services, LLC* (W.D. Pa. 2:18-cv-01643-CB) (Dec. 10, 2018).
>
> e.    *Antonelli, Jr. v. IKEA Holding US, Inc. et al.* (E.D. Pa. 2:19-cv-01286-AB) (March 27, 2019).

61.    IKEA US has engaged in systemic age discrimination against its Older Workers.

62.    IKEA US has engaged in a pattern or practice of age discrimination.  Upon information and belief, and without limitation:

a.    IKEA US has had in place long term goals to have a younger management base and a certain number of younger individuals in management level positions.  Every IKEA US store was directed that if it lost a member of its Store Steering Group, it was to fill the position with someone younger than 35.  Specific goals of having a certain number of younger employees in management positions were stated in writing by the US Strategic Human Resources Committee and communicated to every store throughout the United States.  The goals have been spoken of and communicated in different ways, such as in terms of "age distribution goals," "succession," "potential" or "diversity."

b.    IKEA US has tracked, monitored and reported on its age-based personnel goals.

c.    IKEA US has had in place a long term strategy for recruiting and promoting younger people into management positions.

d.    IKEA US has had in place leadership development programs as part of a strategy to advance young employees into management positions.

e.    IKEA US has had in place a policy of identifying the "potential" of its employees as a proxy to assess promotability in an age-biased manner.

   f.  IKEA US has undertaken recruiting efforts aimed at recruiting young individuals into management positions.

   g.  IKEA US has implemented "reorganization" efforts, including one entitled "Organization for Growth" (a/k/a "04G"), to remove older employees from management positions.

   h.  IKEA US has had a promotions policy and/or practice that calls for the consideration of data on internal applicants for management positions, including their age.

   i.  IKEA US has had a job selection process by which older qualified applicants seeking promotion are rejected without due consideration.

   j.  IKEA US has had a job selection process by which older qualified applicants seeking promotion are precluded from consideration in favor of younger applicants.

   k.  IKEA US managers openly express age bias in favor of younger employees.

   l.  IKEA US fails to remediate complaints of age discrimination, and thus promotes a culture in which discrimination against older employees is tolerated and encouraged.

   m.  IKEA US has had in place programs explicitly aimed at promoting "young" talent and/or "young" potentials.

   n.  IKEA US has expressly stated to all of its employees – including decision-makers, applicants, potential applicants, and those charged with complying with its stated anti-discrimination policies – that it is "looking for young talents."

o.    IKEA US openly flouts the ADEA by, without limitation, publicizing advertisements for expressing a preference for "young" candidates, such as for its "Global Young Potentials Program."

p.    IKEA US considers willingness to relocate when screening candidates for all positions, including those that would not entail relocation, with the intention of discouraging applications from and/or eliminating from consideration its older employees.  Further, to the extent that a relocation requirement does not discourage or eliminate older applicants, IKEA US may rescind offers of domestic relocation assistance to dissuade older applicants.

q.    IKEA US conducts sham interviews of older employees to provide a cover or plausible deniability for age discrimination.

r.    IKEA US intentionally fails to promote older employees because of their age.

s.    IKEA US fails to promote older employees for promotion because of their age.

63.    IKEA US's employment policies and/or practices are infected with age bias from the top down and infuse all aspects of its employment decisions.

64.    IKEA US's policies infected with age bias, its corporate culture of age bias, its open expression of considering age in employment decisions, and/or its openly expressed preference for developing and/or selecting younger employees as its future leaders, affect the employment decisions made by IKEA US and adversely affect IKEA US's older employees.

65.    IKEA US's polices infected with age bias, its corporate culture of age bias, its open expression of considering age in employment decisions, and/or its openly expressed

12

preference for developing and/or selecting younger employees as its future leaders, among other things, have deterred older employees from applying for leadership development opportunities or programs and/or for promotion.

66.    IKEA US has since at least January 24, 2018, passed over Older Workers, including Plaintiff, for participation in leadership development programs and training because of age.

67.    IKEA US has since at least January 24, 2018, rejected for promotion Older Workers, including Plaintiff, because of age.

68.    IKEA US has since at least January 24, 2018, engaged in a pattern or practice of age discrimination against its Older Workers, including Plaintiff.

69.    IKEA US has by its actions since at least January 24, 2018, intentionally discriminated against Older Workers, including Plaintiff.

70.    In the alternative, to the extent that Defendants' facially neutral employment policies and practices have not been used by Defendants to discriminate intentionally against its Older Workers, one or more of each has resulted in a disparate impact against Older Workers, including Plaintiff, as follows:

        a.    Upon information and belief, Defendants' assessment and identification of the potential of its employees has resulted in a statistically significant disparity in the promotion rates of its Older Workers.

        b.    Upon information and belief, Defendants' policies regarding relocation have resulted in a statistically significant disparity in the promotion rates of its Older Workers.

**Plaintiff Brandon Paine**

71.     IKEA US hired Plaintiff on or about February 16, 2004.

72.     Plaintiff currently works for IKEA US as an Active Selling Leader in the New Haven, Connecticut store.

73.     Plaintiff has demonstrated excellent performance and dedication, he performed his duties in a highly competent manner, and has received positive feedback.

74.     At the time of his hire, Plaintiff was age 34.  He was hired as an assistant department manager to work in Defendants' New Haven, Connecticut store.

75.     In 2006, at the age of 36, Plaintiff was promoted into a Shopkeeper position in the New Haven store.

76.     Plaintiff's performance in the Shopkeeper position was recognized to be satisfactory of better.

77.     Among other ways in which IKEA US recognized his positive performance, and without limitation, IKEA US had called upon Plaintiff to serve as a Sales Leader/Sales Planner (which would have been a promotion from the Shopkeeper position) on an interim basis.

78.     In or about May, 2017, Plaintiff, at age 47, applied for promotion to the Sales Leader/Sales Planner position.

79.     Plaintiff was qualified for the position and, in fact, had performed it successfully on an interim basis.

80.     IKEA US failed to promote Plaintiff to the Sales Leader/Sales Planner position.

81.     IKEA US selected for the Sales Leader/Sales Planner position four (4) substantially younger, less qualified employees for the position: Shane Coopwood (26)[1]; Sonja Schenkemeyer (27); Nicholas Wheat (28); and Spencer Saldumbide (28).

82.     IKEA US denied Plaintiff a promotion to the Sales Leader/ Sales Planner position because of his age.

83.     In or about October, 2017, IKEA US announced a "reorganization" entitled O4G.

84.     O4G was an effort by IKEA US to eliminate older employees from management positions by, without limitation, terminating them, demoting them, or effectively forcing them out.

85.     O4G was an effort by IKEA US to favor younger employees over older employees by offering younger employees better jobs with higher pay.

86.      Through O4G, employees were assigned "new" roles within the company. These "new" roles guaranteed base pay protection for IKEA employees through December 31, 2018. However, following December 31, 2018, if the "new" assigned position came with a lower pay grade, the employee's pay would then be reduced accordingly.  Upon information and belief, this was a scheme intended to harm older employees by removing them from management positions while lulling and/or deceiving them into foregoing their rights to pursue age discrimination claims past the 300 day federal charge filing deadline.

87.     In connection with 04G, in or about October, 2017, IKEA US demoted Plaintiff's position from Shopkeeper to Active Selling Leader.

88.     Effective January 1, 2019, Plaintiff's compensation decreased by more than $10.00 per hour in connection with this demotion.

---

[1] All ages identified herein (other than that of Plaintiff) are approximations.

89.    IKEA US did not demote Plaintiff because of any alleged poor performance.

90.    IKEA US told Plaintiff that the reason for his demotion was IKEA US'

realignment of job functions and duties to be more competitive in the retail environment.

91.    The stated reason for the demotion was a pretext.  IKEA US demoted Plaintiff to

the position of Active Selling Leader because of his age.

92.    Plaintiff's performance in the Active Selling Leader position was recognized to be

satisfactory of better.  For example, and without limitation, in his 2018 written performance

evaluation, Plaintiff's manager praised him, as follow:

> Brandon has so many great qualities as an IKEA Leader. He is
> passionate about the quality of his work. He is fiercely loyal to his
> team as they are [t]o him. He has a wealth of knowledge about the
> IKEA concept and also from his history of being a shopkeeper, the
> knowledge and capability of implementing the concept in the store,
> including meeting the customer with the range.

93.    Since O4G, Plaintiff has applied for promotion several times, and has been

rejected for promotion because of his age.

94.    In or about December 2017, Plaintiff again applied for promotion to the Sales

Leader/ Sales Planner position.

95.    Plaintiff was qualified for the Sales Leader/Sales Planner position.

96.    On or about February 7, 2018, Plaintiff learned that he had been rejected for the

Sales Leader/ Sales Planner position.

97.    IKEA US selected for the Sales Leader/Sales Planner position Audrey Bates (30).

98.    Plaintiff was better qualified for the position than Ms. Bates.

99.    Defendants failed to promote Plaintiff to the Sales Leader/ Sales Planner position

because of his age.

100.    In or about June 2018, Plaintiff applied for promotion to the Active Selling Manager position at Defendants' store in Live Oak, Texas.

101.    Plaintiff was qualified for the Active Selling Manager position.

102.    In or about June 28, 2018, Plaintiff learned that he had been rejected for the Active Selling Manager position.

103.    IKEA US selected for the Active Selling Manager position Jeffrey Borlik ("Borlik") (30) for the position.

104.    Plaintiff was more qualified for the position that Mr. Borlik in that, without limitation, Mr. Borlik had four (4) years of experience with IKEA whereas Plaintiff had approximately fourteen (14) years of experience with IKEA at the time.

105.    IKEA US failed to promote Plaintiff to the Active Selling Manager position because of his age.

106.    In or about August 2018, Plaintiff applied for promotion to the Active Selling Manager position in at IKEA US' store in Norfolk, Virginia.

107.    Plaintiff was qualified for the Active Selling Manager position.

108.    On or about September 27, 2018, Plaintiff learned that he was not selected for the Active Selling Manager position.

109.    After he learned he did not get the Active Selling Manager position, Plaintiff had a telephone call with Tiffin Mohr ("Mohr") (48), the Customer Experience Manager with whom he had interviewed. During the call, Ms. Mohr told Plaintiff words to the effect that since Active Selling was a "new role" within IKEA, IKEA was looking for someone who could bring "new and innovative ideas" to the position and that, as a result, IKEA would be hiring an external

candidate. Plaintiff understood this to mean that IKEA considers an employee's age when making hiring and promotional decisions, and that it wanted to hire someone younger.

110.    IKEA US selected an external candidate for the Active Selling Manager position.

111.    IKEA failed to promote Plaintiff to the Active Selling Manager position because of his age.

112.    In or about December, 2018, Plaintiff applied for the Sales Plan and Steer Field Advisor position based in IKEA US' Conshohocken store. Upon being informed, nearly a month and half after he applied, that relocation assistance would not be offered, Plaintiff withdrew his application.

113.    In or about December, 2018, Plaintiff applied for the Sales Plan Manager position in IKEA US Frisco, Texas store.

114.    Plaintiff was qualified for the Sales Plan Manager position.

115.    On or about January 27, 2019, Plaintiff learned that he had been rejected for the Sales Plan Manager position.

116.    IKEA US selected for the Sales Plan Manager position Luke Lummano (31) for the position.

117.    Plaintiff was at least as, if not more, qualified for the position than Mr. Iadevaia because of, without limitation, Plaintiff's experience.

118.    IKEA US failed to promote Plaintiff to the Sales Plan Manager position because of his age.

119.    In or about January 24, 2019, Plaintiff applied for the Active Selling Manager position in IKEA US' San Diego, California store.

120.    Plaintiff was qualified for the Active Selling Manager position.

18

121.    On or about March 5, 2019, Plaintiff learned that he had been rejected for the Active Selling Manager position.

122.    IKEA US selected Ryan Stone (30's) for the Active Selling Manager position.

123.    Plaintiff was at least as, if not more, qualified for the position than Mr. Stone because of, without limitation, Plaintiff's experience.

124.    IKEA US failed to promote Plaintiff to the Active Selling Manager position because of his age.

125.    In or about April 2019, Plaintiff learned that the Active Selling Manager position in Norfolk, Virginia to which he previously applied in August 2018 was again open for application.

126.    In or about April, 2019, Plaintiff again applied for the Active Selling Manager position in Norfolk, Virginia.

127.    In or about May, 2019, Plaintiff learned that he had been rejected again for the Active Selling Manager position.

128.    Upon information and belief, IKEA US selected a less experienced, less qualified individual for the Active Selling Manager position.

129.    IKEA US has rejected Plaintiff's applications for promotion without due consideration.  For example, and without limitation, several of Defendants' interviews of Plaintiff following his application for posted positions seemed to be just going through the motions and not intended to actually assess Plaintiff's ability to perform the job.

130.    Comments and conduct by management at the IKEA New Haven store have demonstrated a bias against older employees, including, but not limited to, the following instances:

    a.   During an interview for a promotion, an IKEA manager asked an older applicant if she was considering retirement soon;

    b.   During a meeting with employees in the New Haven, Connecticut retail store, then Human Resources Manager Jacqueline DeChamps stated that, as part of IKEA US's action plan, every store needed to hire a management "steering" member under age thirty (30);

    c.   during a recent meeting with Plaintiff, Store Manager Christoph Stein asked Plaintiff why he had waited so long in his career to apply for jobs "leading leaders" (i.e., higher level management positions); and

    d.   several older employees have recently been demoted or pushed out.

131.    IKEA US has passed Plaintiff over for leadership development training because of his age.

132.    IKEA US has passed Plaintiff over for promotion because of his age.

133.    As a direct and proximate result of the age discriminatory and unlawful conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earnings capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**COUNT I**
**AGE DISCRIMINATION IN VIOLATION OF THE ADEA**
**DISPARATE TREATMENT**
**(by Plaintiff individually**
**and on behalf of similarly situated Older Workers)**

134.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

135.    The ADEA claim of age discrimination – disparate treatment as alleged herein is brought by Plaintiff individually and on behalf of similarly situated employees ("Older Workers").

136.    Defendants have intentionally discriminated against Plaintiff and Older Workers because of their age.

137.    Defendants have engaged in a pattern or practice of age discrimination against Plaintiff and Older Workers.

138.    Defendants have denied promotions to Plaintiff and Older Workers because of their age.

139.    Age was a determinative factor in Defendants' denying to Plaintiff and Older Workers training and leadership development programs and opportunities.

140.    Age was a determinative factor in Defendants' failure to promote Plaintiff and Older Workers.

141.    As a direct result of Defendants' discriminatory conduct, Plaintiff and Older Workers have in the past incurred, and will in the future incur, a loss of earnings and/or earnings capacity, loss of benefits, and other injuries, the full extent of which is not known at this time.

142.    Defendants, by the discriminatory acts set forth herein, have violated the ADEA.

143.    Defendants' violation of the ADEA was intentional and willful under the circumstances and warrants the imposition of liquidated damages.

144.    As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff and Older Workers have sustained the injuries, damages, and losses set forth herein.

145.    Plaintiff and Older Workers are now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' age discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

**COUNT II**
**VIOLATION OF THE ADEA –**
**DISPARATE IMPACT/PROMOTION RATES**
**(by Plaintiff individually**
**and on behalf of similarly situated Older Workers)**

146.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

147.    The ADEA claim of age discrimination – disparate impact/promotion rates as alleged herein is brought by Plaintiff individually and on behalf of similarly situated employees ("Older Workers").

148.    To the extent that Defendants' facially neutral employment policies and practices have not been used by Defendants to discriminate intentionally against Older Workers, Defendants' use of one or more of each has resulted in a disparate impact against Older Workers, including Plaintiff, as follows:

a.      Upon information and belief, Defendants' assessment and identification of the potential of its employees has resulted in a statistically significant disparity in the promotion rates of its Older Workers.

b.      Upon information and belief, Defendants' policies regarding relocation have resulted in a statistically significant disparity in the promotion rates of its Older Workers.

149.    Defendants, by their policies and/or practices, have violated the ADEA.

150.     As a direct and proximate result of Defendants' violation of the ADEA, Older

Workers, including Plaintiff, have sustained the injuries set forth herein.

151.     Plaintiff and Older Workers are now suffering and will continue to suffer

irreparable injury as a result of Defendants' age discriminatory and unlawful acts unless and until

the Court grants the relief requested herein.

**COUNT III**
**AGE DISCRIMINATION IN  VIOLATION OF THE CFEPA**
**<u>(by Plaintiff Paine individually)</u>**

152.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as

if fully set forth herein.

153.     The CFEPA claim of age discrimination is brought by Plaintiff Paine on an

individual basis only.

154.     Defendants have intentionally discriminated against Plaintiff Paine because of his

age.

155.     Defendants have engaged in a pattern or practice of age discrimination against

older employees, including Plaintiff.

156.     Defendants have denied Plaintiff the opportunity to participate in leadership

development programs because of his age.

157.     Defendants have denied promotion to Plaintiff because of his age.

158.     Age was a determinative and/or motivating factor in Defendants' failure to

include Plaintiff in its leadership development programs.

159.     Age was a determinative and/or motivating factor in Defendants' failure to

promote Plaintiff.

160. To the extent that Defendants' facially neutral employment policies and practices have not been used by IKEA to discriminate intentionally against its older employees, IKEA's use of one or more of each has resulted in a disparate impact against older employees, including Plaintiff.

161. Defendants, by the age discriminatory acts set forth herein, have violated the CFEPA.

162. As a direct result of Defendants' discriminatory conduct, Plaintiff sustained the injuries, damages, and losses set forth herein.

163. Plaintiff Paine is now suffering and will continue to suffer irreparable injury, pain and suffering, and monetary damages as a result of Defendants' age discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff, Brandon Paine, respectfully requests that this Court enter judgment in his favor and against Defendants, IKEA US Retail, LLC, f/k/a IKEA US East, LLC d/b/a IKEA; IKEA North America Services, LLC, d/b/a IKEA; and IKEA North America Services, LLC d/b/a IKEA and issue an Order:

a.      declaring this action to be an ADEA collective action properly maintained under 29 U.S.C. § 216(b);

b.      requiring Defendants to provide to Plaintiff the names, date of birth, addresses (including e-mail addresses), current positions, and telephone numbers of all current and former employees of Defendants who, since January 24, 2018, were age 40 or over and rejected for promotion;

c.      requiring that notice and opportunity to opt-in be given to all current  or former employees of Defendants who, since January 24, 2018, were age 40 or over and rejected for promotion;

d.      declaring the acts, policies and practices complained of to be a violation of the ADEA;

e.      declaring the acts, policies and practices complained of by Plaintiff on an individual basis to be a violation of the ADEA;

f.      declaring the acts, policies and practices complained of by Plaintiff on an individual basis to be a violation of the CFEPA;

g.      enjoining and restraining permanently the violations alleged herein;

h.      awarding compensatory damages to Plaintiff and Older Workers to make Plaintiff and Older Workers whole for all past and future lost earnings, benefits, and earnings capacity which Plaintiff and Older Workers have suffered and will continue to suffer as a result of Defendants' discriminatory conduct;

i.      awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future pain and suffering, emotional distress, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures that Plaintiff has suffered and will continue to suffer as a result of Defendants' age discriminatory conduct;

j.      awarding liquidated damages to Plaintiff and Older Workers;

k.      awarding to Plaintiff and Older Workers the costs of this action, together with reasonable attorney's fees;

l.      awarding Plaintiff and Older Workers such other damages as are appropriate under the ADEA;

        m.      awarding Plaintiff such other damages as are appropriate under the

CFEPA; and

        n.      granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

BY:        */s/ Susan M. Saint-Antoine*
            Stephen G. Console
            Laura C. Mattiacci
            Susan M. Saint-Antoine
            Brian C. Farrell
            Emily R. Derstine Friesen
            Julie A. Uebler
            1525 Locust Street, 9th Floor
            Philadelphia, PA  19102
            (215) 545-7676; (215) 565-2855 (fax)
            console@consolelaw.com
            mattiacci@consolelaw.com
            santanto@consolelaw.com
            farrell@consolelaw.com
            derstinefriesen@consolelaw.com
            uebler@consolelaw.com
            Attorneys for Plaintiff, Brandon Paine
            (*on behalf of himself individually*
            *and on behalf of those similarly situated*)

Dated: February 5, 2019

# Exhibit "A"

| CHARGE OF DISCRIMINATION | | AGENCY<br>Q FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | 525-2019-00338 |

| STATE OR LOCAL AGENCY: Connecticut Commission on Human Rights and Opportunities | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Brandon Paine | HOME TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Hamden, CT 06514 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME<br>IKEA | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(888) 888-4532 |
|---|---|---|

| STREET ADDRESS<br>450 Sargent Drive | CITY, STATE AND ZIP<br>New Haven, CT 06511 | COUNTY<br>New Haven |
|---|---|---|

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>Q Retaliation   X Age   Q Disability   Q Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br>Earliest          Latest 11/16/2018 (ongoing) |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent on or about February 16, 2004. I currently hold the position of Active Selling Leader. I currently report to Karl Ryan (52*), Active Selling Manager. Ryan reports to Zoe Zengeni (39), Customer Experience Manager.

Respondent failed to promote me because of my age. Respondent failed to promote me to four (4) positions for which I had applied and was interviewed. I am age forty-eight (48), with more than fourteen (14) years of service at Respondent. Instead of promoting me, Respondent promoted substantially younger employees.

I consistently demonstrate excellent performance and dedication to Respondent. I perform my duties in a highly competent manner, and receive positive feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:<br>11/17/18          Charging Party (Signature):<br>*Brandon Paine* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

* All ages herein are approximations.

RECEIVED

NOV 20 2019

E.E.O.C.
BOSTON AREA OFFICE

EEOC Charge of Discrimination
Page 2 of 5
Initials of Charging Party — *BP*

2.    Harm Summary

I have been discriminated against because of my age (48).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)  Respondent has engaged in a systematic pattern and practice of failing to promote its employees age forty (40) and over.

(b)  Respondent considers age when promoting employees.

(c)  Respondent engages in a systematic pattern and practice of denying leadership development and advancement opportunities to employees age forty (40) and over.

(d)  Respondent states that it offers leadership development and advancement opportunities based on age.

(e)  Respondent's training and development programs intentionally discriminate against employees age forty (40) and over and disparately impact employees age forty (40) and over.

(f)  Respondent favors and invests in young employees, or "young talents," or "co-workers of tomorrow," in ways that it does not favor or invest in employees over age forty (40).

(g)  In or about May 2017, I applied for the Sales Leader (Sales Planner) position.  I was qualified for the position.  I had performed the Sales Leader (Sales Planner) position on an interim basis for five (5) of Respondent's stores between September 2013 and May 2017.

(h)  In or about May 2017, I interviewed with Patricia Crawford (48), Market Operations Manager, for the Sales Leader (Sales Planner) position.

(i)  In or about May 2017, I learned that Respondent failed to promote me to the Sales Leader (Sales Planner) position.  Although I was qualified for the position, I was not promoted.  Instead, Respondent selected the following substantially younger employees for the position: Shane Coopwood (26); Sonja Schenkemeyer (27); Nicholas Wheat (28); and Spencer Saldumbide (28).

(j)  Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employees were selected for the position.

(k)  Respondent failed to promote me to the Sales Leader (Sales Planner) position because of my age.

(l)  On or about October 16, 2017, I was demoted from Shopkeeper to Active Selling Leader.

(m)  Effective January 1, 2019, my compensation will decrease by more than $10.00 per hour in connection with my demotion.

(n)  The stated reason for my demotion and compensation decrease was Respondent's realignment of job functions and duties to be more competitive in the retail environment.

EEOC Charge of Discrimination
Page 3 of 5
Initials of Charging Party ~ *RD*

(o) On or about October 16, 2017, I began reporting to Ryan.

(p) In or about December 2017, I applied for the Sales Leader (Sales Planner) position. I was qualified for the position.

(q) On December 28, 2017, I interviewed with John McCall, Recruiter, for the Sales Leader (Sales Planner) position.

(r) On January 11, 2018, I interviewed with Roberta Weirman (55), Hiring Manager, for the Sales Leader (Sales Planner) position.

(s) On February 7, 2018, I learned that Respondent failed to promote me to the Sales Leader (Sales Planner) position. Although I was qualified for the position, I was not promoted. Instead, Respondent selected Audrey Bates (30) for the position.

(t) Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employee was selected for the position.

(u) Respondent failed to promote me to the Sales Leader (Sales Planner) position because of my age.

(v) In June 2018, I applied for the Active Selling Manager position in Live Oak, Texas. I was qualified for the position.

(w) On June 18, 2018, I interviewed with Tanisha Ferris (30), Recruiter, for the Active Selling Manager position.

(x) On June 22, 2018, I interviewed with Kimberly Castillo (35), Customer Experience Manager, for the Active Selling Manager position.

(y) On June 28, 2018, I learned that Respondent failed to promote me to the Active Selling Manager position. Although I was qualified for the position, I was not promoted. Instead, Respondent selected Jeffrey Borlik (30) for the position. Borlik had four (4) years of experience with Respondent; I had fourteen (14) years of experience with Respondent.

(z) Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employee was selected for the position.

(aa) Respondent failed to promote me to the Active Selling Manager position because of my age.

(bb) In August 2018, I applied for the Active Selling Manager position in Norfolk, Virginia. I was qualified for the position.

(cc) On September 14, 2018, I interviewed with Amy Hagblom (38), Recruiter, for the Active Selling Manager position.

(dd) On September 21, 2018, I interviewed with Tiffin Mohr (48), Customer Experience Manager, for the Active Selling Manager position.

EEOC Charge of Discrimination
Page 4 of 5
Initials of Charging Party

(ee) On September 27, 2018, I learned that Respondent failed to promote me to the Active Selling Manager position. Although I was qualified for the position, I was not promoted. In a call with Mohr, I was told that, since Active Selling was a new role to Respondent, Respondent was looking for someone who could bring "new and innovative ideas" to the position and that Respondent would be hiring an external candidate. I understood this to mean that Respondent considers an employee's age when making hiring and promotional decisions, as the statement suggests to me.

(ff) Instead of promoting me to the position, Respondent selected an external candidate for the Active Selling Manager position.

(gg) Respondent failed to promote me to the Active Selling Manager position because of my age.

(hh) Respondent's comments and conduct evidence a bias against older employees, including, and in addition to the above, but not limited to the following instances,

     i.     During an interview for a promotion, Respondent asked Kelli King (55) if she was going to be considering retirement soon.

     ii.     During a meeting with employees, Respondent stated that, as part of its action plan, every store needed to hire a management steering member under age thirty (30).

     iii.     Respondent recently demoted and/or pushed out the following employees: Wilton Fulton (72), Shopkeeper; George Peterson (55), Shopkeeper; Gabby Ortiz (48), Food Services Team Leader.

     iv.     On February 12, 2018, a lawsuit, *Donofrio v. IKEA*, was filed against Respondent, alleging a systematic pattern and practice of age discrimination.

     v.     On August 1, 2018, a lawsuit, *Parker v. IKEA*, was filed against Respondent, alleging a systematic pattern and practice of age discrimination.

EEOC Charge of Discrimination
Page 5 of 5
Initials of Charging Party

B.    1.    Respondent's Stated Reasons

    (a)    Respondent has not offered any non-age biased explanation for failing to promote me, including failing to promote me to the Sales Leader (Sales Planner) and Active Selling Manager positions.

    (b)    Respondent's stated reason for demoting me, Respondent's realignment of job functions and duties to be more competitive in the retail environment, is pretext for age discrimination and/or a statement made because of age.

C.    1.    Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (46) in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 et seq. ("ADEA"), and the Connecticut Human Rights and Opportunities Act, as amended, Conn. Gen. Stat. § 46a-51 et seq. ("CHROA") as set forth herein.

D.    1.    Class Charge

I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, training, or termination decisions, and/or have been subjected to a hostile work environment.

Exhibit "B"

| SECOND CHARGE OF DISCRIMINATION | AGENCY<br>Q  FEPA<br>X  EEOC | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | |

| STATE OR LOCAL AGENCY: Connecticut Commission on Human Rights and Opportunities | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>**Brandon Paine** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Hamden, CT 06514 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME<br>**IKEA** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(888) 888-4532 |
|---|---|---|

| STREET ADDRESS<br>450 Sargent Drive | CITY, STATE AND ZIP<br>New Haven, CT 06511 | COUNTY<br>New Haven |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race  Q Color  Q Sex  Q Religion  Q National Origin<br>Q Retaliation  X Age  Q Disability  Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest* 4/1/2018(ongoing) |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent on or about February 16, 2004. I currently hold the position of Active Selling Leader. I currently report to Karl Ryan (52[1]), Active Selling Manager.

Respondent failed to promote me because of my age. Respondent failed to promote me to six (6) positions for which I had applied and was interviewed. I am age forty-eight (48), with more than fourteen (14) years of service at Respondent. Instead of promoting me, Respondent promoted substantially younger employees.

I consistently demonstrate excellent performance and dedication to Respondent. I perform my duties in a highly competent manner, and receive positive feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | ~~NOTARY   (when necessary for State and Local Requirements)~~<br><br>~~I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief.~~ |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |

| Date:<br>6/2/19 | Charging Party *(Signature)*:<br>*Brandon Paine* | ~~SIGNATURE OF COMPLAINANT~~<br><br>~~SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE~~<br>~~(Day Month, and year)~~ |
|---|---|---|

[1] All ages herein are approximations.



RECEIVED
JUN 1 1 2019
U.S. E.E.O.C
Boston Area Office

EEOC Charge of Discrimination
Page 2 of 6
Initials of Charging Party –

On November 20, 2018, I filed a Charge of Discrimination with the EEOC regarding the age discriminatory conduct to which I was being subjected by Respondent. This Charge was dual filed with the Connecticut Commission on Human Rights and Opportunities.

2.    Harm Summary

I have been discriminated against because of my age (48). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) Respondent has engaged in a systematic pattern and practice of failing to promote its employees age forty (40) and over.

(b) Respondent considers age when promoting employees.

(c) Respondent engages in a systematic pattern and practice of denying leadership development and advancement opportunities to employees age forty (40) and over.

(d) Respondent states that it offers leadership development and advancement opportunities based on age.

(e) Respondent's training and development programs intentionally discriminate against employees age forty (40) and over and disparately impact employees age forty (40) and over.

(f) Respondent favors and invests in young employees, or "young talents," or "co-workers of tomorrow," in ways that it does not favor or invest in employees over age forty (40).

(g) In or about May 2017, I applied for the Sales Leader (Sales Planner) position. I was qualified for the position. I had performed the Sales Leader (Sales Planner) position on an interim basis for five (5) of Respondent's stores between September 2013 and May 2017.

(h) In or about May 2017, I interviewed with Patricia Crawford (48), Market Operations Manager, for the Sales Leader (Sales Planner) position.

(i) In or about May 2017, I learned that Respondent failed to promote me to the Sales Leader (Sales Planner) position. Although I was qualified for the position, I was not promoted. Instead, Respondent selected the following substantially younger employees for the position: Shane Coopwood (26); Sonja Schenkemeyer (27); Nicholas Wheat (28); and Spencer Saldumbide (28).

(j) Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employees were selected for the position.

(k) Respondent failed to promote me to the Sales Leader (Sales Planner) position because of my age.

(l) On or about October 15, 2017, I was demoted from Shopkeeper to Active Selling

EEOC Charge of Discrimination
Page 3 of 6
Initials of Charging Party –

Leader.

(m) Effective January 1, 2019, my compensation decreased by more than $10.00 per hour in connection with my demotion.

(n) The stated reason for my demotion and compensation decrease was Respondent's realignment of job functions and duties to be more competitive in the retail environment.

(o) On or about October 15, 2017, I began reporting to Ryan.

(p) In or about December 2017, I applied for the Sales Leader (Sales Planner) position. I was qualified for the position.

(q) On December 28, 2017, I interviewed with John McCall, Recruiter, for the Sales Leader (Sales Planner) position.

(r) On January 11, 2018, I interviewed with Roberta Weirman (55), Hiring Manager, for the Sales Leader (Sales Planner) position.

(s) On February 7, 2018, I learned that Respondent failed to promote me to the Sales Leader (Sales Planner) position. Although I was qualified for the position, I was not promoted. Instead, Respondent selected Audrey Bates (30) for the position.

(t) Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employee was selected for the position.

(u) Respondent failed to promote me to the Sales Leader (Sales Planner) position because of my age.

(v) In June 2018, I applied for the Active Selling Manager position in Live Oak, Texas. I was qualified for the position.

(w) On June 18, 2018, I interviewed with Tanisha Ferris (30), Recruiter, for the Active Selling Manager position.

(x) On June 22, 2018, I interviewed with Kimberly Castillo (35), Customer Experience Manager, for the Active Selling Manager position.

(y) On June 28, 2018, I learned that Respondent failed to promote me to the Active Selling Manager position. Although I was qualified for the position, I was not promoted. Instead, Respondent selected Jeffrey Borlik (30) for the position. Borlik had four (4) years of experience with Respondent; I had fourteen (14) years of experience with Respondent.

(z) Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employee was selected for the position.

(aa) Respondent failed to promote me to the Active Selling Manager position because of

EEOC Charge of Discrimination
Page 4 of 6
Initials of Charging Party –

my age.

(bb) In August 2018, I applied for the Active Selling Manager position in Norfolk, Virginia. I was qualified for the position.

(cc) On September 14, 2018, I interviewed with Amy Hagblom (38), Recruiter, for the Active Selling Manager position.

(dd) On September 21, 2018, I interviewed with Tiffin Mohr (48), Customer Experience Manager, for the Active Selling Manager position.

(ee) On September 27, 2018, I learned that Respondent failed to promote me to the Active Selling Manager position. Although I was qualified for the position, I was not promoted. In a call with Mohr, I was told that, since Active Selling was a new role to Respondent, Respondent was looking for someone who could bring "new and innovative ideas" to the position and that Respondent would be hiring an external candidate. I understood this to mean that Respondent considers an employee's age when making hiring and promotional decisions, as the statement suggests to me.

(ff) Instead of promoting me to the position, Respondent selected an external candidate for the Active Selling Manager position.

(gg) Respondent failed to promote me to the Active Selling Manager position because of my age.

(hh) After I learned I did not get the Active Selling Manager position, I had a telephone call with Tiffin Mohr ("Mohr") (48), the Customer Experience Manager with whom I had interviewed. During the call, Ms. Mohr told me words to the effect that since Active Selling was a "new role" within Respondent, Respondent was looking for someone who could bring "new and innovative ideas" to the position and that, as a result, Respondent would be hiring an external candidate. I understood this to mean that Respondent considers an employee's age when making hiring and promotional decisions, and that it wanted to hire someone younger.

(ii) Respondent selected an external candidate for the Active Selling Manager position.

(jj) Respondent failed to promote me to the Active Selling Manager position because of my age.

(kk) In or about December, 2018, I applied for the Sales Plan Manager position in Respondent's Frisco, Texas store.

(ll) I was qualified for the Sales Plan Manager position.

(mm) On or about January 27, 2019, I learned that I had been rejected for the Sales Plan Manager position.

(nn) Respondent selected Luke Lummano (31) for the Sales Plan Manager position.

EEOC Charge of Discrimination
Page 5 of 6
Initials of Charging Party –

(oo)  I was at least as, if not more, qualified for the position than Mr. Lummano because of, without limitation, my experience.

(pp)  Respondent failed to promote me to the Sales Plan Manager position because of my age.

(qq)  In or about January 24, 2019, I applied for the Active Selling Manager position in Respondent's San Diego, California store.

(rr)  I was qualified for the Active Selling Manager position.

(ss)  On or about March 5, 2019, I learned that I had been rejected for the Active Selling Manager position.

(tt)  Respondent selected Ryan Stone (30's) for the Active Selling Manager position.

(uu)  I was at least as, if not more, qualified for the position than Mr. Stone because of, without limitation, my experience.

(vv)  Respondent failed to promote me to the Active Selling Manager position because of my age.

(ww)  In or about April 2019, I learned that the Active Selling Manager position in Norfolk, Virginia to which I previously applied in August 2018 was again open for application.

(xx)  In or about April, 2019, I again applied for the Active Selling Manager position in Norfolk, Virginia.

(yy)  As of the date of this filing, Respondent has not offered me the Active Selling Manager position.

(zz)  Respondent has rejected my applications for promotion without due consideration. For example, and without limitation, several of Respondent's interviews of me following my application for posted positions seemed to be just going through the motions and not intended to actually assess my ability to perform the job.

(aaa)  I have sometimes not applied for or withdrawn from consideration for promotion upon learning that relocation support would not be offered for a position. For example, and without limitation, in or about December, 2018, I applied for the Sales Plan and Steer Field Advisor position based in Respondent's Conshohocken store. Upon being informed, nearly a month and half after he applied, that relocation assistance would not be offered, I withdrew my application.

(bbb)  Respondent's comments and conduct evidence a bias against older employees, including, and in addition to the above, but not limited to the following instances.

  i.  During an interview for a promotion, Respondent asked Kelli King (55) if she was going to be considering retirement soon.

  ii.  During a meeting with employees, Respondent stated that, as part of its

EEOC Charge of Discrimination
Page 6 of 6
Initials of Charging Party –

action plan, every store needed to hire a management steering member under age thirty (30).

iii.   Respondent recently demoted and/or pushed out the following employees: Wilton Fulton (72), Shopkeeper; George Peterson (55), Shopkeeper; Gabby Ortiz (48), Food Services Team Leader.

iv.   On February 12, 2018, a lawsuit, *Donofrio v. IKEA*, was filed against Respondent, alleging a systematic pattern and practice of age discrimination.

v.   On August 1, 2018, a lawsuit, *Parker v. IKEA*, was filed against Respondent, alleging a systematic pattern and practice of age discrimination.

B.   1.   Respondent's Stated Reasons

(a)   Respondent has not offered any non-age biased explanation for failing to promote me.

(b)   Respondent's stated reason for demoting me, Respondent's realignment of job functions and duties to be more competitive in the retail environment, is pretext for age discrimination and/or a statement made because of age.

C.   1.   Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (48) in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Connecticut Human Rights and Opportunities Act, as amended, Conn. Gen. Stat. § 46a-51 *et seq.* ("CHROA") as set forth herein.

D.   1.   Class Charge

I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, training, or termination decisions, and/or have been subjected to a hostile work environment.

# Exhibit "C"

| THIRD CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q  FEPA<br>X  EEOC | CHARGE NUMBER |
|---|---|---|
| STATE OR LOCAL AGENCY: Connecticut Commission on Human Rights and Opportunities | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>Brandon Paine | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS ▓▓▓▓▓▓▓▓ | CITY, STATE AND ZIP<br>Hamden, CT 06514 | DATE OF BIRTH ▓▓▓▓▓ |
|---|---|---|

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)**

| NAME<br>IKEA | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(888) 888-4532 |
|---|---|---|

| STREET ADDRESS<br>450 Sargent Drive | CITY, STATE AND ZIP<br>New Haven, CT 06511 | COUNTY<br>New Haven |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race  Q Color  Q Sex  Q Religion  Q National Origin<br>Q Retaliation  X Age  Q Disability  Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  4/1/2018(ongoing) |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent on or about February 16, 2004. I currently hold the position of Active Selling Leader. I currently report to Karl Ryan (52[1]), Active Selling Manager.

Respondent failed to promote me because of my age. Respondent failed to promote me to six (6) positions for which I had applied and was interviewed. I am age forty-eight (48), with more than fourteen (14) years of service at Respondent. Instead of promoting me, Respondent promoted substantially younger employees.

I consistently demonstrate excellent performance and dedication to Respondent. I perform my duties in a highly competent manner, and receive positive feedback.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and | NOTARY  (when necessary for State and Local Requirements) |
|---|---|

[1] All ages herein are approximations.

| cooperate fully with them in the processing of my charge in accordance with their procedures | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|

| I declare under penalty or perjury that the foregoing is true and correct. | |
|---|---|
| Date: **11/8/2019**  Charging Party (*Signature*): *Brandon Rabe* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

On November 20, 2018, I filed a Charge of Discrimination with the EEOC regarding the age discriminatory conduct to which I was being subjected by Respondent. This Charge was dual filed with the Connecticut Commission on Human Rights and Opportunities.

On June 10, 2019, I filed a second Charge of Discrimination with the EEOC regarding the age discriminatory conduct to which I was being subjected by Respondent. This Charge was dual filed with the Connecticut Commission on Human Rights and Opportunities.

2.      Harm Summary

I have been discriminated against because of my age (48).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)  Respondent has engaged in a systematic pattern and practice of failing to promote its employees age forty (40) and over.

(b)  Respondent considers age when promoting employees.

(c)  Respondent engages in a systematic pattern and practice of denying leadership development and advancement opportunities to employees age forty (40) and over.

(d)  Respondent states that it offers leadership development and advancement opportunities based on age.

(e)  Respondent's training and development programs intentionally discriminate against employees age forty (40) and over and disparately impact employees age forty (40) and over.

(f)  Respondent favors and invests in young employees, or "young talents," or "co-workers of tomorrow," in ways that it does not favor or invest in employees over age forty (40).

(g)  In or about May 2017, I applied for the Sales Leader (Sales Planner) position.  I was qualified for the position.  I had performed the Sales Leader (Sales Planner) position on an interim basis for five (5) of Respondent's stores between September 2013 and May 2017.

(h)  In or about May 2017, I interviewed with Patricia Crawford (48), Market Operations Manager, for the Sales Leader (Sales Planner) position.

(i)  In or about May 2017, I learned that Respondent failed to promote me to the Sales Leader (Sales Planner) position.  Although I was qualified for the position, I was not promoted.  Instead, Respondent selected the following substantially younger employees for the position: Shane Coopwood (26); Sonja Schenkemeyer (27); Nicholas Wheat (28); and Spencer Saldumbide (28).

(j)  Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employees were selected for the position.

EEOC Charge of Discrimination
Page 4 of 7
Initials of Charging Party –

(k) Respondent failed to promote me to the Sales Leader (Sales Planner) position because of my age.

(l) On or about October 15, 2017, I was demoted from Shopkeeper to Active Selling Leader.

(m) Effective January 1, 2019, my compensation decreased by more than $10.00 per hour in connection with my demotion.

(n) The stated reason for my demotion and compensation decrease was Respondent's realignment of job functions and duties to be more competitive in the retail environment.

(o) On or about October 15, 2017, I began reporting to Ryan.

(p) In or about December 2017, I applied for the Sales Leader (Sales Planner) position. I was qualified for the position.

(q) On December 28, 2017, I interviewed with John McCall, Recruiter, for the Sales Leader (Sales Planner) position.

(r) On January 11, 2018, I interviewed with Roberta Weirman (55), Hiring Manager, for the Sales Leader (Sales Planner) position.

(s) On February 7, 2018, I learned that Respondent failed to promote me to the Sales Leader (Sales Planner) position. Although I was qualified for the position, I was not promoted. Instead, Respondent selected Audrey Bates (30) for the position.

(t) Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employee was selected for the position.

(u) Respondent failed to promote me to the Sales Leader (Sales Planner) position because of my age.

(v) In June 2018, I applied for the Active Selling Manager position in Live Oak, Texas. I was qualified for the position.

(w) On June 18, 2018, I interviewed with Tanisha Ferris (30), Recruiter, for the Active Selling Manager position.

(x) On June 22, 2018, I interviewed with Kimberly Castillo (35), Customer Experience Manager, for the Active Selling Manager position.

(y) On June 28, 2018, I learned that Respondent failed to promote me to the Active Selling Manager position. Although I was qualified for the position, I was not promoted. Instead, Respondent selected Jeffrey Borlik (30) for the position. Borlik had four (4) years of experience with Respondent; I had fourteen (14) years of experience with Respondent.

(z) Respondent provided me with no explanation, including the selection criteria, as to why I was not promoted and the substantially younger, less qualified employee was

**EEOC Charge of Discrimination**
**Page 5 of 7**
**Initials of Charging Party –**

selected for the position.

(aa) Respondent failed to promote me to the Active Selling Manager position because of my age.

(bb) In August 2018, I applied for the Active Selling Manager position in Norfolk, Virginia. I was qualified for the position.

(cc) On September 14, 2018, I interviewed with Amy Hagblom (38), Recruiter, for the Active Selling Manager position.

(dd) On September 21, 2018, I interviewed with Tiffin Mohr (48), Customer Experience Manager, for the Active Selling Manager position.

(ee) On September 27, 2018, I learned that Respondent failed to promote me to the Active Selling Manager position. Although I was qualified for the position, I was not promoted. In a call with Mohr, I was told that, since Active Selling was a new role to Respondent, Respondent was looking for someone who could bring "new and innovative ideas" to the position and that Respondent would be hiring an external candidate. I understood this to mean that Respondent considers an employee's age when making hiring and promotional decisions, as the statement suggests to me.

(ff) Instead of promoting me to the position, Respondent selected an external candidate for the Active Selling Manager position.

(gg) Respondent failed to promote me to the Active Selling Manager position because of my age.

(hh) After I learned I did not get the Active Selling Manager position, I had a telephone call with Tiffin Mohr ("Mohr") (48), the Customer Experience Manager with whom I had interviewed. During the call, Ms. Mohr told me words to the effect that since Active Selling was a "new role" within Respondent, Respondent was looking for someone who could bring "new and innovative ideas" to the position and that, as a result, Respondent would be hiring an external candidate. I understood this to mean that Respondent considers an employee's age when making hiring and promotional decisions, and that it wanted to hire someone younger.

(ii) Respondent selected an external candidate for the Active Selling Manager position.

(jj) Respondent failed to promote me to the Active Selling Manager position because of my age.

(kk) In or about December, 2018, I applied for the Sales Plan Manager position in Respondent's Frisco, Texas store.

(ll) I was qualified for the Sales Plan Manager position.

(mm) On or about January 27, 2019, I learned that I had been rejected for the Sales Plan Manager position.

(nn) Respondent selected Luke Lummano (31) for the Sales Plan Manager position.

**EEOC Charge of Discrimination**
**Page 6 of 7**
**Initials of Charging Party —**

(oo)  I was at least as, if not more, qualified for the position than Mr. Lummano because of, without limitation, my experience.

(pp)  Respondent failed to promote me to the Sales Plan Manager position because of my age.

(qq)  In or about January 24, 2019, I applied for the Active Selling Manager position  in Respondent's San Diego, California store.

(rr)  I was qualified for the Active Selling Manager position.

(ss)  On or about March 5, 2019, I learned that I had been rejected for the Active Selling Manager position.

(tt)  Respondent selected Ryan Stone (30's) for the Active Selling Manager position.

(uu)  I was at least as, if not more, qualified for the position than Mr. Stone because of, without limitation, my experience.

(vv)  Respondent failed to promote me to the Active Selling Manager position because of my age.

(ww)  In or about April 2019, I learned that the Active Selling Manager position in Norfolk, Virginia to which I previously applied in August 2018 was again open for application.

(xx)  In or about April, 2019, I again applied for the Active Selling Manager position in Norfolk, Virginia.

(yy)  In or about May, 2019, I learned that I had been rejected again for the Active Selling Manager position.

(zz)  Upon information and belief, Respondent selected a less-experienced, less-qualified individual for the Active Selling Manager position.

(aaa) Respondent failed to promote me to the Active Selling Manager position because of my age.

(bbb) Respondent has rejected my applications for promotion without due consideration. For example, and without limitation, several of Respondent's interviews of me following my application for posted positions seemed to be just going through the motions and not intended to actually assess my ability to perform the job.

(ccc) I have sometimes not applied for or withdrawn from consideration for promotion upon learning that relocation support would not be offered for a position.  For example, and without limitation, in or about December, 2018, I applied for the Sales Plan and Steer Field Advisor position based in Respondent's Conshohocken store.  Upon being informed, nearly a month and half after he applied, that relocation assistance would not be offered, I withdrew my application.

(ddd) Respondent's comments and conduct evidence a bias against older employees, including, and in addition to the above, but not limited to the following instances.

EEOC Charge of Discrimination
Page 7 of 7
Initials of Charging Party --

i.   During an interview for a promotion, Respondent asked Kelli King (55) if she was going to be considering retirement soon.

ii.  During a meeting with employees, Respondent stated that, as part of its action plan, every store needed to hire a management steering member under age thirty (30).

iii. Respondent recently demoted and/or pushed out the following employees: Wilton Fulton (72), Shopkeeper; George Peterson (55), Shopkeeper; Gabby Ortiz (48), Food Services Team Leader.

iv.  On February 12, 2018, a lawsuit, *Donofrio v. IKEA*, was filed against Respondent, alleging a systematic pattern and practice of age discrimination.

v.   On August 1, 2018, a lawsuit, *Parker v. IKEA*, was filed against Respondent, alleging a systematic pattern and practice of age discrimination.

B.   1.   Respondent's Stated Reasons

(a)  Respondent has not offered any non-age biased explanation for failing to promote me.

(b)  Respondent's stated reason for demoting me, Respondent's realignment of job functions and duties to be more competitive in the retail environment, is pretext for age discrimination and/or a statement made because of age.

C.   1.   Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (48) in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Connecticut Human Rights and Opportunities Act, as amended, Conn. Gen. Stat. § 46a-51 *et seq.* ("CHROA") as set forth herein.

D.   1.   **Class Charge**

**I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, training, or termination decisions, and/or have been subjected to a hostile work environment.**