**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK DONOFRIO, on behalf of himself individually and on behalf of those similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IKEA US RETAIL, LLC,<br><br>　　　　Defendant. | CIVIL ACTION NO. 18-599-AB |
| WILLIAM V. ANTONELLI, JR., on behalf of himself individually and on behalf of those similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO. 19-1286-AB |
| BRANDON PAINE, on behalf of himself individually and on behalf of those similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, and IKEA NORTH AMERICA SERVICES, LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO. 19-723-AB |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENFORCEMENT OF THE COURT'S JULY 22, 2024 ORDER IMPOSING MONETARY SANCTIONS AGAINST IKEA [*DONOFRIO* ECF NO. 423]**

The parties have agreed to mediate these cases. Plaintiffs offer no compelling arguments as to why payment of the fees and costs ordered by the Court on July 22, 2024, should be made by their arbitrary 30-day deadline or why the posting of a supersedeas bond by IKEA would not sufficiently secure their interests moving forward in this litigation. The Court should therefore deny Plaintiffs' Motion.

On May 4, 2023, Plaintiffs moved for sanctions ("Motion for Sanctions") against IKEA in each of the above-captioned cases alleging spoilation of evidence and violations of this Court's April 29, 2022 Order. *Donofrio* ECF 312.[1] On May 6, 2024, this Court entered an Order granting the Motion for Sanctions and directing Plaintiffs to file detailed itemized requests for fees and expenses incurred in connection with the Motion for Sanctions. *Donofrio* ECF 379. Thereafter, Plaintiffs filed their itemized requests for fees and expenses ("Itemized Request for Fees"), and IKEA timely opposed such requests. *Donofrio* ECF 387, 392.

On July 22, 2024, this Court entered an order issuing a sanction in the form of attorneys' fees and expenses for $566,296.89 and $434.64, respectively (hereinafter, the "Order"). *Donofrio* ECF 405. The Order does not contain a deadline for payment of the fees and expenses. Additionally, no applicable statutory guidelines mandate the deadline for such payments.

On August 1, 2024, Plaintiffs' counsel emailed defense counsel asking when IKEA intended on paying the monetary sanction ordered by the Court. Four days later, the undersigned responded that he did not see a deadline for payment within the Order and inquired as to what made Plaintiffs believe that payment was due forthwith. Three days later, Plaintiffs' counsel responded that she believed the Order "may be immediately enforceable," disregarding the

---

[1] For ease of reference, unless otherwise indicated, all documents and their corresponding ECF numbers referenced herein will cite to those specifically filed in *Donofrio* (18-599). Identical documents were also filed in *Antonelli* (19-1286) and *Paine* (19-723).

2

question posed by defense counsel. IKEA addressed the request for immediate payment during subsequent telephonic discussions between Attorney Stephen Console, counsel for Plaintiffs, and Attorney Paul Lancaster Adams, counsel for IKEA. During one such telephone call, Attorney Console agreed that Plaintiffs would hold off on pursuing collection of the monetary sanction while the parties discussed the parameters of a potential mediation. Despite making such a representation, Plaintiffs moved for enforcement on September 27, 2024[2]. *Donofrio* ECF 423.

On the same day Plaintiffs moved for enforcement, IKEA moved to stay the execution of the Court's Order or, in the alternative, permit IKEA to post bond or set a date certain (the "Motion to Stay"). *Donofrio* ECF 424, 424-1. In short, IKEA asked this Court to stay the execution of its Order issuing the monetary sanction during the pendency of litigation and any appeal thereof. In the alternative, IKEA asked the Court to stay payment and permit IKEA to post a supersedeas bond *or* issue a date certain *after* the conclusion of these actions for the timing of when the fee and expense award is due to Plaintiffs. Defendants' Motion to Stay is pending before this Court.

On October 9, 2024, the Court conducted a telephonic conference with the parties, and it was agreed that the parties will participate in a mediation with the Honorable Eduardo C. Robreno. Given this imminent mediation, IKEA believes a stay of the execution of the Court's July 22, 2024 Order will give the parties the best chance of settling at the mediation. In the alternative, permitting IKEA to post a supersedeas bond in the same amount as the Court's Order will secure both parties' interest going forward in this litigation.

Plaintiffs concede in their Motion for Enforcement that this Court has the sole discretion to set a deadline and/or to defer an order for the collection of fees until after final judgment.

---

[2] At no point did Plaintiffs' counsel pick up the telephone or send an email requesting a status update.

Plaintiffs also acknowledge the Order contains no deadline by which the fees and expenses should be paid. Further, while IKEA intends on appealing the Order if the cases do not settle at mediation, the parties agree that it is not immediately appealable as it does not constitute a final order under 28 U.S.C. § 1291 because the Order came before final resolution of all claims in the underlying litigation. *See also Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 210 (1999); *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331, 339 (3d Cir. 2001).

Although Plaintiffs accede to both this Court's authority to set a deadline and the Order's lack of such a deadline, Plaintiffs' Motion for Enforcement requests this Court issue an order requiring IKEA to make payment within 30 days after entry of such an order or be held in contempt and subject to further sanctions. Plaintiffs, however, offer no compelling reason why payment must be made by their arbitrary 30-day deadline or why the posting of a supersedeas bond by IKEA would not sufficiently secure their interests moving forward in this litigation. Accordingly, Plaintiffs' Motion for Enforcement should be denied.

## I. ARGUMENT

Plaintiffs' arguments for why payment is necessary now is misplaced and unavailing. While it rarely occurs, the parties agree on something—this Court has discretion to impose any deadline of its choosing and/or to defer an order for the collection of fees. Indeed, "a district court can reduce any hardship by reserving until the end of the trial discussions such as whether to impose the sanction, how great a sanction to impose, or when to order collection." *Cunningham*, 527 U.S. at 210. Here, wholly within its discretion, the Court did not include a deadline for payment in its Order. Notwithstanding this significant fact, Plaintiffs unconvincingly argue that if the Court grants their Motion for Enforcement, payment of the ordered sanction should be made within 30 days after the entry of an order.

Plaintiffs advocate for this arbitrary 30-day deadline without pointing to any case law directly supporting their position. Instead, Plaintiffs contend that ordering *immediate* payment (and not payment within 30 days) of a monetary sanction is the "default rule." Of note, one case Plaintiffs cite to in support is *Johnston v. Titan Logistics & Resources, LLC,* wherein the court ultimately permitted the defendant to post a supersedeas bond in lieu of immediate payment. No. 17-1617, 2022 WL 672260 (W.D. Pa. Mar. 7, 2022). And, notwithstanding their argument that immediate payment is the "default rule," it is noteworthy that Plaintiffs' Motion for Sanctions did *not* seek a specific deadline for payment, nor did the corresponding proposed order request one. *Donofrio* ECF 312, 312-3. Additionally, the proposed order to Plaintiffs' Itemized Request for Fees also fails to include a deadline for payment. *Donofrio* ECF 387, 387-1. Plaintiffs had opportunities to argue for and seek a specific deadline for payment from this Court but never did until now.

While Plaintiffs vehemently assert in their Motion for Enforcement that immediate payment is the "default rule," they also seemingly recognize that some courts faced with a similar dilemma have adopted a different approach than the relief they seek, such as the payment of a supersedeas bond. Plaintiffs acknowledge this alternative solution when directly citing to the *Johnston* case in their Motion for Enforcement for the premise that a court may "permit[] [a] party to post a bond **in lieu of immediate payment**" of a monetary sanction. *Donofrio* ECF 423-2, p. 6 (emphasis added). In *Johnston*, the Western District of Pennsylvania granted the defendant's motion to stay the execution of a sanctions order and approved the posting of a supersedeas bond. There, the court determined a supersedeas bond was sufficient to secure both parties' interest moving forward in the litigation and appeal. 2022 WL 672260, at *2. The *Johnston* court reasoned that "[t]he purpose of a supersedeas bond 'is to preserve the status quo, while at the same time

5

protecting the prevailing party's rights pending the outcome of post-trial motions or appeal.'" *Id.* (citing *Ely v. Cabot Oil & Gas Corp.*, 2017 WL 1493481, at *1 (M.D. Pa. April 26, 2017)). Defendants' pending Motion to Stay requests in the alternative that they be permitted to post a bond in the same amount as the Order.

It is no secret the parties in this case have engaged in a longstanding and protracted litigation. If the Court is not willing to stay or set a deadline after the conclusion of the actions to pay the sanction, allowing IKEA to post a supersedeas bond in the amount of the Order will secure both parties' interests going forward in this litigation and any appeal thereof. Plaintiffs were willing at one point in time to hold off on pursuing collection of the sanction while the parties discussed the parameters of a potential mediation. Now that the parties have agreed to mediation, there is no basis to renege on this agreement. Moreover, in the alternative, permitting IKEA to post bond in lieu of immediate payment of sanctions allows "the parties to refocus their respective efforts" on achieving a "just, speedy and inexpensive determination" of the litigation thereby fulfilling the parties' duties under Fed. R. Civ. P. 1. *See Johnston*, 2022 WL 672260, at *2. This includes allowing the parties to "work cooperatively . . . and bring [a] case to its conclusion, whether by settlement or a final judgment." *Id.* Indeed, in advance of the mediation, there is no basis for requiring IKEA to make any payment now.

Nevertheless, even though Plaintiffs concede that issuing a supersedeas bond is a tool at the Court's disposal, they fail to offer a compelling argument as to why a bond would not adequately protect their interests moving forward in this litigation. Rather than present a persuasive argument to the contrary, Plaintiffs just sidestep the option of posting a bond. Instead, Plaintiffs appear to argue that IKEA should pay the sanction within 30 days because they believe IKEA had a successful fiscal year in 2023 based solely on an annual fiscal report they found on the internet.

*Donofrio* ECF 423-2, Page 5; ECF 423-3, at Ex. B. This conflicts with the purpose of a monetary sanction. A monetary sanction "'should be specifically related to expenses incurred as a result of the [behavior]' that warrants the sanctions," not a defendant's perceived wealth or ability to pay a sanction. *See Wabote v. Ude*, No. 21-2214, 2022 WL 684844, at *12 (E.D. Pa. Mar. 8, 2022) (citing *Cmty. Ass'n Underwriters of Am., Inc.*, No. 10-1559, 2014 WL 3055358, at *10 (M.D. Pa. July 3, 2014)).

Also, as indicated in Defendants' pending Motion for Stay, IKEA intends to appeal this Court's July 22, 2024 Order. Plaintiffs contend that "[t]here is no good reason to deviate from the 'default rule' and delay enforcement of the Court's July 22, 2024, Order." *Donofrio* ECF 423-2, Page 7 of 11. However, district courts have identified a potential appeal of an order issuing sanctions to be a "good reason" to allow a defendant to post a bond. *See Ala. Aircraft Indus., Inc. v. Boeing Co.*, No. 11-3577, 2018 WL 6220075, at *2 (N.D. Ala. June 15, 2018) (ordering bond pending the ultimate resolution of the sanctions order and noting if payment was required immediately and there was a successful appeal, the question would become whether Boeing could readily be reunited with its money). Requiring immediate payment of the substantial monetary sanction at this time would complicate the mediation and any appeal, as IKEA would then be forced to seek disgorgement of their funds in the event that the Court of Appeals for the Third Circuit vacates or reduces such an award.

Here, similar to the *Johnston* and *Ala. Aircraft Indus., Inc.* cases, there exists no assurances that the funds could be recovered from Plaintiffs if the Order is ultimately reversed on appeal. In *Johnston*, the court noted it was not provided with any information as to the contingent fee agreement between counsel and the 70 individual plaintiffs and found persuasive the risk of the defendant being unable to recover the sanctions award if successful on appeal. 2022 WL 672260

at *2. Further, the *Johnston* court opined that due to the court's inability to "evaluate the potential collection risk to [defendant,] the proposed bond which maintains the status quo between the parties appears to be the most appropriate result." *Id.* As is the case here, it is not at all clear where the sanction award would go or how it would be distributed (i.e., to Plaintiffs or their law firm), and it would be entirely possible that any moneys paid would not be recoverable were IKEA successful on appeal.

Furthermore, Plaintiffs' assertion that the Court must order immediate payment of the monetary sanctions in order to "ease [Plaintiffs' counsels'] financial burden" is unconvincing. While Plaintiffs' counsel describes itself as "a small law firm with limited resources[3]," in the same breath, Plaintiffs' counsel discloses numerous cases in its Itemized Request for Fees in which the law firm was awarded substantial money for attorneys' fees and costs. Although the Itemized Request for Fees and its corresponding exhibits only reveal attorneys' fees awarded in three cases, the fees awarded in those three cases total more than **$2.13 million dollars**. *See Donofrio* ECF 387, pp. 15-17; ECF 387-6, at Ex. C, p. 9; ECF 387-7, at Ex. D, pp. 4, 6; ECF 387-13, at Ex. J. This multi-million-dollar figure does not include the costs awarded to Plaintiffs' counsel in conjunction with the attorneys' fees. And while IKEA certainly does not question a court's authority and discretion to order attorneys' fees and costs, the large amount of fees revealed certainly raises the question as to what Plaintiffs' counsels' definitions are of "limited resources".

Finally, Plaintiffs' argument that "IKEA has not asked the Court for a stay of enforcement of the Order" is now moot as IKEA moved to stay on September 27, 2024. *Donofrio* ECF 423.

---

[3] *Donofrio* ECF 423-2, p. 9.

## II. CONCLUSION

IKEA respectfully requests the Court issue an order denying Plaintiffs' Motion for Enforcement of its July 22, 2024 Order requesting that payment of the monetary sanction be due within 30 days. Instead, IKEA respectfully requests the Court grant its pending Motion to Stay thereby staying the execution of its July 22, 2024 Order, or, in the alternative, permit IKEA to post a supersedeas bond in the same amount as the Order, *or* issue a date certain *after* the conclusion of these actions for the timing of when the fee and expense award is due to Plaintiffs.

Respectfully submitted,

*/s/ Brandon R. Sher*
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, PC.**
Paul Lancaster Adams, Esq.
Brandon R. Sher, Esq.
Jennifer Betts, Esq.
Emily Santoro, Esq.
Chris R. Pace, Esq. (Admitted *Pro Hac Vice*)
John G. Stretton, Esq. (Admitted *Pro Hac Vice*)
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2840 Telephone
(215) 995-2801 Facsimile
pladams@ogletree.com
brandon.sher@ogletree.com
jenn.betts@ogletree.com
emily.santoro@ogletree.com
chris.pace@ogletree.com
john.stretton@ogletree.com

Date: October 10, 2024